OLGA P. ALEXANDER, Plaintiff, *v.* Mrs. E. M. KISSACK and Others, Defendants.*

Supreme Court, Special Term, New York County, November 12, 1935.

* Affd., 248 App. Div. 569.

*J. Alfred Anderson*, for the plaintiff.

*James A. Hughes*, for the defendant Kissack.

ROSENMAN, J. Plaintiff brought this action for damages for personal injuries alleged to have been sustained by reason of the defendants' negligence.

The accident which gives rise to plaintiff's complaint occurred " on or about October 19th, 1930." On December 8, 1933, the plaintiff delivered to the sheriff of Richmond county the summons and complaint which were personally served by him on the defendant Kissack on December 14, 1933. The answer of that defendant consists substantially of a general denial of the allegations of the complaint together with an affirmative defense of the Statute of Limitations (Civ. Prac. Act, § 49, subd. 6). Plaintiff, in reply to this affirmative defense, alleges that the action has been brought within the time limited for the bringing of such action by virtue of compliance with section 17 of the Civil Practice Act.

Defendant Kissack now moves for judgment on the pleadings, asserting that since the summons and complaint were not delivered to the sheriff within the three-year Statute of Limitations, the plaintiff cannot claim the benefit of section 17. The plaintiff contends that such delivery need not be made within that time, so long as the defendant is actually served within sixty days after the expiration of the time limited for the commencement of such action. In this case the sixty days expired on December 19, 1933.

No case has been cited to me to uphold the position of either party; nor have I been able to find a reported case precisely on the facts as they exist in this action, *i. e.*, where both the delivery of the summons to the sheriff and the actual personal service on the defendant took place subsequent to the expiration of the Statute of Limitations, but prior to the ensuing sixty-day period.

However, a careful reading of section 17 does not uphold the plaintiff's contention.

Section 17 of the Civil Practice Act reads as follows: " An attempt to commence an action in a court of record is equivalent to the commencement thereof against each defendant, within the meaning of each provision of this act which limits the time for commencing an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff, or, where the sheriff is a party, to a coroner of the county, in which that defendant, or one of two or more co-defendants who are joint contractors or otherwise

united in interest with him, resides or last resided; or, if the defendant is a corporation, to a like officer of the county in which it is established by law or wherein its general business is or was last transacted or wherein it keeps or last kept an office for the transaction of business. But in order to entitle a plaintiff to the benefit of this section, the delivery of the summons to an officer must be followed within sixty days after the expiration of the time limited for the actual commencement of the action by personal service of the summons or by service thereof without the State, upon the defendant sought to be charged, or by the first publication of the summons, as against that defendant, pursuant to an order for service upon him in that manner or by substituted service of the summons on such defendant within the State pursuant to an order."

Significant is that portion thereof which states that " an attempt * * * is equivalent to the commencement " of an action " when the summons is delivered, with the intent that it shall be actually served, to the sheriff." This attempt or commencement, however, is limited by the words " within the meaning of each provision of this act which limits the time for commencing an action." This action is one which " must be commenced within three years after the cause of action has accrued." (Civ. Prac. Act, § 49, subd. 6.) The summons having been delivered to the sheriff after the expiration of such time, the action was not commenced within the time permitted, in that its " equivalent " was not performed within such time, viz., delivery of the summons to the sheriff. Section 17 requires an additional act to be done, namely, that personal service of the summons must be effected " within sixty days after the expiration of the time limited for the actual commencement of the action." Although such personal service was made within sixty days after the delivery of the summons to the sheriff, the " attempt," *i. e.*, the delivery, was not made until after the time limited for such commencement. It could not possibly have been the intention of the formulators of this section to extend the time for such personal service beyond the time within which an action must be commenced, except if the " attempt " described took place within the time limited.

Motion is granted. Settle order.