BELLE BALTER, Plaintiff, *v.* DENNIS JANIS et al., Defendants.

Supreme Court, Special Term, Kings County, September 25, 1951.

*Harry R. Schwartz* for plaintiff.

*Cotter, Carey & Schultz* for Dennis Janis, defendant.

*William R. Ahmuty* for Frances Zall and another, defendants.

*Felix F. Fusco* and *John C. Ferlaino* for Joseph N. Zarra, defendant.

*George I. Swetlow* for Irving Neiman and another, defendants.

*E. Edan Spencer* for Nathan Cohen, defendant.

MURPHY, J. The question presented herein is whether an attempt to commence this negligence action by delivery of the summons and complaint to the office of the Sheriff of the City of New York, at its New York County Division, on November 21, 1950, was effective to give plaintiff the benefit of the sixty-day additional period allowed by section 17 of the Civil Practice Act under the circumstances hereinafter set forth.

The action is in negligence and accrued November 22, 1947. Under the statutory three years' limitations period it would have lapsed on November 22, 1950. Plaintiff concedes that the New York County office made a return '' specifying that said Dennis Janis could not be found in New York County.'' Plaintiff continues, '' Thereafter, and within 60 days next following the expiration of the statute of limitations, namely, on December 14, 1950, a summons and complaint were delivered to the Office of the Sheriff of the City of New York, Bronx County Division. This latter division of the Sheriff's office was successful in serving the said process upon defendant Dennis Janis.''

Delivery of the summons and complaint to the proper Sheriff's office prior to the running of the prescribed period of limitations, it has been held, is a prerequisite to the party's being enabled to obtain the benefit of the additional sixty days set forth in section 17 of the Civil Practice Act (*Alexander* v. *Kissack,* 159 Misc. 496, 498, affd. 248 App. Div. 569), an interpretation with which this court agrees.

The issue narrows itself therefore to whether plaintiff may have the benefit of the delivery of the summons and complaint to the City Sheriff's Office, New York County Division, on November 21, 1950, which was prior to the running of the three-year statute applicable to this action, as aforestated. Plaintiff urges that he may, inasmuch as the former independent county offices of Sheriff in the five counties embraced in New York City

were abolished under the present City Charter (see § 1031 thereof; see, also, N. Y. Const., art. IX, § 5, as amd.) substituting therefor a City Sheriff, who, at least for administrative purposes, functions in all five counties.

It would appear that delivery of these papers to the New York County office of such City Sheriff, under such situation, would be sufficient, as plaintiff contends. The court finds itself, however, confronted with a construction statute adopted by the city legislature in 1942 and embodied in section 1032–15.0 of the Administrative Code of the City of New York. Such section, in its relevant language provides: " Any law, rule, regulation, contract or other document which refers or is applicable to the sheriff of any of the counties in the city shall refer to the office of the city sheriff in such county ".

The effect of such required construction, as the court read, it, would necessitate each county division of the office of the City Sheriff being regarded as an independent entity for the purpose of applying the provisions of section 17 of the Civil Practice Act.

The court reluctantly is compelled therefore to hold that the service herein was untimely made. Defendant's motion for judgment granted accordingly.