In the Matter of NORMA STONE, Respondent, against GEORGE P. MONAGHAN, as Police Commissioner of the City of New York, Appellant.— Appeal from an order annulling appellant's determination, which revoked the taxicab owner's license of respondent, and directing that the license be reinstated and that a new license be issued. The license was revoked on the ground that respondent, the record owner, is not the true owner, and on the further ground that she had failed to comply with provisions of law and departmental regulations relating to duties and responsibilities of taxicab owners. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ.

■

In the Matter of HELEN TANZA, Appellant, against JOSEPH D. McGOLDRICK, as State Rent Administrator, et al., Respondents.— Appeal from an order in a proceeding pursuant to article 78 of the Civil Practice Act, which denied petitioner's application to review a determination of the State Rent Administrator, granting a certificate of eviction, and dismissed the proceeding. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Wenzel, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ.

■

DAVID KESSLER, Doing Business under the Name of KESSLER BROS., Respondent, v. HI-LINE CO., INC., et. al., Appellants.— Order denying on condition defendants' motion to dismiss the complaint for failure to prosecute, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., MacCrate, Schmidt, Murphy and Ughetta, JJ., concur.

■

ADA KOFSKY, Respondent, v. PAUL E. KOFSKY, Appellant.— Application, pursuant to section 1170 of the Civil Practice Act, for an order to vacate and annul the provision in the final judgment of divorce entered in 1950 in this uncontested action which requires the appellant to pay to the respondent $50 weekly for her support, and to direct a trial in the action on the issue of alimony; or, in the alternative, to modify said decree by reducing the alimony to $10 a week. The appeal is from an order denying the application without a hearing. Order reversed, without costs, and matter remitted to Special Term for a hearing on the question of a modification of the judgment with respect to alimony. The application is based on the alleged grounds that the provision for alimony was obtained by fraud and perjured testimony, that plaintiff fraudulently induced defendant not to defend the action on the issue of alimony, and that there has been a substantial change of circumstances in both parties. The opposing affidavit consists of denials and counter-accusations of perjury. Under all the circumstances a hearing is required to resolve the conflicting claims of the parties. (*Mangiamele* v. *Mangiamele*, 277 App. Div. 786.) Nolan, P. J., MacCrate, Schmidt, Murphy and Ughetta, JJ., concur.