■ EUGENE KLEILA, Respondent, v. GEORGE MILLER, Appellant.— In an action to recover damages for assault and battery, the appeal is from an order denying defendant's motion, under rule 107 of the Rules of Civil Practice, to dismiss the complaint on the ground that the cause of action alleged was barred by the Statute of Limitations. The summons and complaint were delivered to the Sheriff in Kings County, prior to the expiration of the two-year statutory period (Civ. Prac. Act, § 50) for service on defendant, pursuant to section 17 of the Civil Practice Act, and service after that period was made as provided in section 17. Defendant's motion was based on the claim that the service under section 17 was ineffectual, for the reason that he was a resident of Nassau County and delivery of the summons to the Sheriff in Kings County did not comply with that statute. Order modified by adding thereto a provision that within ten days from the entry of the order hereon, defendant may serve an amended answer in which he may allege as a defense the same facts as were asserted in support of the motion to dismiss the complaint. As so modified, order affirmed, without costs. Where defendant is within the State, section 17 of the Civil Practice Act requires that the summons be delivered to the Sheriff of the county in which the defendant resides. (*Guilford* v. *Brody,* 237 App. Div. 726; cf. *Elliott* v. *Amy,* 297 N. Y. 622, and *Balter* v. *Janis,* 200 Misc. 635.) Accordingly, if defendant did not reside in Kings County, the delivery to the Sheriff in that county was not a compliance with that section. The question, however, is one which should not be decided on the conflicting affidavits submitted. Ordinarily, we would reverse the order appealed from and remit the matter for a hearing so that recourse could be had to the usual practice of seeing and hearing the witnesses that the parties might produce, with opportunity for cross-examination. (Cf. *Guilford* v. *Brody, supra; Josephson* v. *Josephson,* 276 App. Div. 845; *Buglione* v. *Buglione,* 279 App. Div. 1089, and *Kofsky* v. *Kofsky,* 285 App. Div. 1180.) However, the parties have not requested such a hearing and the action, apparently, has been at issue since August, 1954. Under the circumstances presented, the factual questions respecting the defense of the Statute of Limitations may be adequately explored at the trial. Section 17 of the Civil Practice Act, in our opinion, refers to the place of defendant's residence and not to his domicile. (Cf. *Elliott* v. *Amy, supra; Rawstorne* v. *Maguire,* 265 N. Y. 204, and *Bischoff* v. *Bischoff,* 88 App. Div. 126.) A person may have more than one place of residence (*Matter of Newcomb,* 192 N. Y. 238, 250; *Bischoff* v. *Bischoff, supra*), so that if it should appear that defendant resides both in Kings County and in Nassau County, delivery of the summons to the Sheriff in Kings County would be sufficient compliance with the statute. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.