John E. Cone, J.
This action is based on defendants’ alleged negligence and malpractice which resulted in the demise of plaintiff’s wife.
Defendant Schwartz moves pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice to dismiss the complaint on the ground that the time within which to commence this action, as to him, has expired.
The action accrued on October 17, 1956, when plaintiff’s wife died in the defendant hospital, where she had received surgical and Roentgen or X-ray treatment by the other named defendants.
The papers show that plaintiff was appointed administrator by the Surrogate of Kings County to prosecute this action; that plaintiff caused a summons to be delivered to the Sheriff of the City of New York for the County of Kings on October 10, 1958, to effect service upon movant, intending that it he served within 60 days after the expiration of the time limitation (Civ. Prae. Act, § 17), and as set forth in the statute, this was an attempt to commence an action. This defendant was thereafter served with the summons on November 24, 1958, and a notice of appearance was interposed in his behalf.
The issue here is whether the operation of the Statute of Limitations was tolled in accordance with either section 17 or section 16 of the Civil Practice Act.
Plaintiff opposes this motion contending that defendant hospital’s liability rests upon proof that its employee (movant) was guilty of negligence or malpractice. Plaintiff further strongly contends that if a verdict is obtained against movant for his tort, judgment must necessarily also be rendered against his employer.
*233 This defendant contends that his residence since the date the action accrued, and up to and including the date of this motion, was in Nassau County, New York, and this contention is not controverted. On the question of like service by the Sheriff, our Appellate Division, in reversing the court below, which denied a similar motion to dismiss, stated in Barko v. Mollica (5 A D 2d 699) as follows: “ Delivery of the summons to the Sheriff of the City of New York, Kings County Division, prior to the expiration of the. two-year statutory period was ineffectual, since appellants [movant here] were residents of Queens County. (Civ. Prac. Act, § 17; Administrative Code of City of New York, § 1032-15.0; Balter v. Janis, 200 Misc. 635.) ”
Examination and consideration of the complaint herein shows an employer-employee relationship between defendant hospital and movant. In this motion the allegations set forth in the complaint must be deemed to be true, hence the doctrine of respondeat superior presents itself and the circumstances of the service of the summons on defendant Schwartz takes on a different view. The service first made on the defendant-hospital-employer tolled the limitation indefinitely (Civ. Prac. Act, § 16).
Section 16 of the Civil Practice Act. reads as follows:
‘ ‘ § 16. When action deemed to be commenced. An action is commenced against a defendant, within the meaning of any provision of this,act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him. ’ ’
The words of the section with which we are here particularly concerned are, ‘‘ or on a co-defendant who is a joint contractor or otherwise united in interest with him.” (Prudential Ins. Co. v. Stone, 270 N. Y. 154, 159.)
In the ease at bar, since an employer-employee relationship is deemed to be a fact, service on the defendant hospital “ commenced the action ” against the movant.
Since the action had already commenced with service of the summons on defendant hospital, the service on the codefendant, movant here, by a Kings County Deputy Sheriff was a valid service (Civ. Prac. Act, § 16).
Accordingly, the motion is denied. Settle order on notice.