John L. Flynn, J.
The problem is whether this action in' negligence is barred by the three-year Statute of Limitations contained in subdivision 6 of section 49 of the Civil Practice Act.
The accident occurred on February 8, 1957 and sérviee of the original summons and complaint on the defendant was attempted by the plaintiff serving the Sheriff of Nassau County, Mineóla, New York, on February 4, 1960, pursuant to section 17 *146 of the Civil Practice Act. On March 3,1960 the plaintiff secured an order of substituted service and the papers were received by the defendant through the mail on March 5, 1960. Under section 17 of the Civil Practice Act, in order to commence an action, the summons must be delivered to the Sheriff of the county in which the defendant “ resides or last resided ”. The words “ last resided ” apply only in cases where the defendant is without the State and refer to the place where he last resided within the State (Guilford v. Brody, 237 App. Div. 726). The defendant had moved from Nassau County on June 4, 1957 to New York County where he has since resided and on or about that date notified the Bureau of Motor Vehicles of his new address. The plaintiff contends that his investigation revealed that the defendant had filed a certificate of doing business with the County Clerk on April 19, 1956 which listed his residence in Nassau County and therefore the Statute of Limitations should be suspended. The difficulty with this view is that the authorities have held otherwise. The defendant owed no duty to plaintiff to file an amended certificate irrespective of whether such failure may have constituted an infraction of the Penal Law, since plaintiff was no creditor of the defendant. The defendant residing in New York State, his whereabouts was easily ascertainable. (Klein v. Biben, 185 Misc. 835.)
The motion to dismiss upon the ground that the Statute of Limitations bars the action is granted. Settle order.