Harold J. Crawford, J.
In an action to recover for personal injuries, the defendant moves to dismiss the complaint upon the ground that the cause of action is barred by the Statute of Limitations.
The alleged accident causing the injuries occurred on November 11, 1957. The defendant was personally served with a summons on January 9,1961, at his residence in Queens County.
The plaintiff claims he attempted to serve the defendant at his last-known address in Nassau County, but the process server attempting such service reported that the defendant could not be located at the given address. On or about November 4, 1960, pursuant to section 17 of the Civil Practice Act, the summons was delivered to the Sheriff of Nassau County, with the intent that it actually be served on the defendant. On November 23, 1960, the Sheriff of Nassau County advised the plaintiff by the following letter:
‘ ‘ I have not been able to serve the summons in the above action on the defendant Peter Quint at the address 233 Hosier Avenue, Woodmere.
“ The present occupant at this address states that Peter Quint moved to Queens County about 6 months ago.”
Thereafter, through investigation, the plaintiff ascertained that the defendant resided in Forest Hills, Queens, and effected personal service on him on January 9,1961.
The plaintiff claims that since the summons was delivered to the Sheriff of Nassau County, the county in which the defendant “ last resided ” before moving to Queens County, section 17 of the Civil Practice Act, which provides in pertinent part:
“ An attempt to commence an action * * * is equivalent to the commencement thereof against each defendant, * * * when the summons is delivered 19 * * to the sheriff * * * of the county, in which that defendant * * * resides or last resided * * * the delivery of the summons to an officer must be followed within sixty days after the expiration of the time limited for the actual commencement of the action by personal service of the summons * * * upon the defendant ” extended the time to commence the action, and the personal service of the summons on the defendant was within this extended time limit.
*100 ‘ ‘ The words ‘ last resided ’ mean last resided within the State”. (Guilford v. Brody, 237 App. Div. 726, 727.) “Where defendant is within the State, section 17 of the Civil Practice Act requires that the summons be delivered to the Sheriff of the county in which the defendant resides ”. (Kleila v. Miller, 1 A D 2d 697.) There is no question that the defendant was a resident of Queens when the plaintiff delivered the summons to the Sheriff of Nassau County. Therefore, it will not be necessary to hold a hearing on this issue. (Kleila v. Miller, supra.)
Accordingly, the motion to dismiss the complaint is granted. (Barko v. Mollica, 5 A D 2d 699; Santaniello v. Levy, 23 Misc 2d 145; Balter v. Janis, 200 Misc. 635.)