Louis J. Capozzoli, J.
The purpose of this trial is to determine whether the second cause of action alleged in the complaint, in behalf of plaintiff, Adele Mooney, mother of the infant plaintiff, in which she seeks to recover for loss of services and medical expenses, is barred by the Statute of Limitations (CPLR 214 [subd. 5]).
Defendants moved for summary judgment dismissing said cause of action, which motion was granted to the extent of ordering a trial, pursuant to CPLR 3211 (subd. [c]), of the above-stated issue.
Defendants were served with the summons and complaint herein, in New York County, on September 24, 1964, which is more than three years after the occurrence of the accident which gave rise to this action (the accident occurred on Sept. 5, 1961). Plaintiffs contend that they are saved from the bar of CPLR 214 (subd. 5) as a result of delivery of the summons and complaint to the Sheriff of Westchester County on August 12, 1964, pursuant to CPLR 203 (subd. [b], par. 4) and the service made by the Sheriff thereafter.
It is defendants’ argument that the summons and complaint were not delivered to the Sheriff of the appropriate county, since they had moved from Westchester County to New York County (where they also had a place of business) on June 16, 1963.
Prior to the expiration of the Statute of Limitations, the summons and complaint in this action were delivered to the Sheriff of Westchester County, that being the county of defendants’ last-known residence (20 Rockridge Road, Larchmont, N. Y.), their new residence being unknown to plaintiffs.
The sole issue before this court for determination is whether delivery of the summons and complaint to the Sheriff of the county of defendants’ last-known residence, after defendants had moved to another county within the State, comes within the purview and intent of CPLR 203 (subd. [b], par. 4), so as *87 to extend the plaintiffs’ time to commence the second cause of action.
CPLR 203 (subd. [b], par. 4), at the time of the delivery of the summons and complaint to the Sheriff herein, and of service by him, provided as follows:
“ (b) Claim in complaint. A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when: * * *
‘ ‘ 4. the summons is delivered for service upon the defendant to the sheriff in a county in which the defendant resides, is employed or is doing business, or last resided, was employed or did business, or, where the defendant is a corporation, in a county in which it may be served, if the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision”.
By chapter 112 of the Laws of 1965 (eff. Sept. 1, 1965, the section was amended so as to substitute the words “ or if none of the foregoing be known to plaintiff after reasonable inquiry, then in a county in which defendant is known to have last resided ” for the words “ or last resided ”.
Concerning the amendment to CPLR 203 (subd. [b], par. 4), which it sponsored, the Judicial Conference wrote:
“ The words ‘ last resided ’ which also appeared in the former C. P. A., had been held thereunder to mean that delivery for service in the last place of residence is proper only where the defendant has moved to a new place of residence without the state. The proposed change is designed to prevent any such restrictive interpretation under the CPLR, and to permit delivery for service in the last place of residence, employment or doing business, whether the present place is within or without the state.
“ Any restrictive interpretation is contrary to the intention of the drafters of the CPLR to make the section more effective than under the C. P. A., as by adding the place of employment or doing business. It is also contrary to the purpose of the provision, which is simply to afford a brief additional period for locating the defendant and making actual service.” (Emphasis added.)
(CPLR Changes, Summary of Major Civil Procedural Changes Enacted During the 1965 Legislative Session, Prepared by the Staff of the Judicial Conference.) (See, also, Memorandum of Judicial Conference, McKinney’s 1965 Session Laws of New York, p. 2041; Supplementary Practice Commentary, by Prof. Joseph M. McLaughlin, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, 1965 Cumulative Pocket Part, p. 14. *88 Also, see, cases decided before the amendment: Barko v. Mollica, 5 A D 2d 699; Kleila v. Miller, 1 A D 2d 697; Keating v. Quint, 29 Misc 2d 98.)
It is obvious that the change in wording of the section merely clarifies the meaning and intent of the original language of the provision. No change in the meaning or purpose of CPLR 203 (subd. [b], par. 4) has been effectuated by the amendment, which, together with the Reports of the Judicial Conference, simply makes clear the meaning of the original provision.
The legislative intent behind, and the meaning and purpose of CPLR 203 (subd. [b], par. 4), were, therefore, identical when the original provision was promulgated as it is after the amendment. Accordingly, it matters not whether we consider that section as it existed at the time of service or as it presently exists — the result would be the same.
The issue of whether the second cause of action alleged in the complaint herein is barred by the Statute of Limitations, is resolved adversely to defendants. The service on defendants in New York County on September 24,1964, was timely and proper and the defendants’ motion for summary judgment should be denied.