AGATHA GUILFORD, as Administratrix, etc., of DELORES GUILFORD, Deceased, and AGATHA GUILFORD, as Administratrix, etc., of ZIPPHORA GUILFORD, Deceased, Appellants, and THEOPHORA GUILFORD and Another, Plaintiffs, *v.* BERNHARDT BRODY, Respondent.

First Department, March 10, 1933.

*Israel Hoffman* of counsel [*Jacob Neumark* with him on the brief; *Glasser & Neumark*, attorneys], for the appellants.

*William L. Carns*, for the respondent.

O'MALLEY, J. The causes of action were dismissed on the ground that they did not accrue within the time limited by law for their commencement. The appellant Agatha Guilford, as administratrix of Dolores Guilford and Zipphora Guilford, sues to recover damages for injuries resulting in the death of said infants. The

injuries in question are alleged to have been sustained by reason of the deceased infants having consumed the contents of a can of pork and beans obtained from the defendant and which is alleged to have contained poisonous and deleterious substances. The deaths occurred on October 24, 1929.

The action is claimed to have been begun by the service of the summons and complaint upon the defendant on October 22, 1931, and within two years from the date the cause of action accrued. (Dec. Est. Law, § 130.) Prior thereto and on October 8, 1931, the summons was delivered to the sheriff of New York county for service upon the defendant.

The motion to dismiss was made upon the grounds (1) that the defendant was never personally served; and (2) that the service attempted to be made by delivery to the sheriff of New York county was ineffectual for the reason that the defendant at the time was not a resident of the county of New York. That the defendant resided in Nassau county on the date the summons was delivered to the sheriff of New York county is now conceded.

The attempted service by delivery to the sheriff of New York county is sought to be sustained by the plaintiffs under the provisions of section 17 of the Civil Practice Act which, so far as material, provides: " An attempt to commence an action * * * is equivalent to the commencement thereof against each defendant * * * when the summons is delivered * * * to the sheriff * * * of the county, in which that defendant * * * resides or last resided; * * * the delivery of the summons to an officer must be followed within sixty days * * * by personal service of the summons or by service thereof without the State, upon the defendant * * * or by the first publication of the summons * * * pursuant to an order * * * or by substituted service of the summons * * * pursuant to an order."

Plaintiffs contend that the words " resides or last resided " are to be construed so as to authorize service to be made by delivery to the sheriff of New York county, as that is the county in which the defendant last resided. The defendant, on the other hand, contends that the words " last resided " mean last resided within the State, and that if the defendant is within the State, the summons must be delivered to the sheriff of the county where he resides; and if the defendant is without the State, the summons must be delivered to the sheriff of the county where he last resided.

We are of opinion that the construction of the statute contended for by the defendant must be sustained. Similar language in section 399 of the Code of Civil Procedure, from which section 17 of the Civil Practice Act is derived, seems to have been so con-

strued by BISCHOFF, J., in the only decision on the subject to which our attention is called (*Riker* v. *Curtis*, 10 Misc. 125).

It is urged by the appellants that the defendant by his notice of a general appearance served on November 10, 1931, has, in any event, waived the defect, if any, in the personal service and that such appearance relates back and validates the service on October 22, 1931.

Sections 16 and 218 of the Civil Practice Act provide, respectively:

" § 16. When action deemed to be commenced. An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him."

" § 218. Summons generally. A civil action is commenced by the service of a summons, * * *."

Section 225 of the Civil Practice Act provides for personal service upon a defendant.

We are of opinion that the general appearance of the defendant was ineffectual to validate an improper personal service and that these sections, read together, must be construed to mean that an action, for the purpose of the Statute of Limitations, must be instituted by the valid service of a summons or by a general appearance within the time limited. A general appearance is equivalent to personal service of the summons only as of the date upon which the notice is served. (*Atanasio & Co., Inc.*, v. *Societe Les Affreteurs Reunis*, 206 App. Div. 674.) Nothing contained in the statute seems to justify a conclusion that where the original service is invalid and thereafter a general notice of appearance is entered, the appearance relates back to the service of the summons.

There remains the question whether the learned justice at Special Term was warranted in deciding upon the affidavits that personal service upon the defendant was not made on October 22, 1931. In opposition to the motion was presented the affidavit of the process server in the usual form to the effect that he personally served the defendant, who at the time was personally known to him to be the defendant in the action. The defendant's affidavit, which was supported by that of his wife, was to the effect that the defendant was not at home at the time the service was attempted to be made and that the summons was left with the defendant's wife. Plaintiffs maintain that they rested their opposition to the motion upon the affidavit of the process server, not anticipating that the court would decide the issue upon the submitted papers, especially in view of the fact that the defendant had moved in the alternative, for a reference or a jury trial.

In these circumstances we are of opinion that the situation is one calling for additional proof and the personal examination of the defendant, his wife and the process server, and any other witnesses having knowledge of the fact; and to this end the matter should have been referred to a referee.

It follows that the order should be reversed, with twenty dollars costs and disbursements, the matter referred to an official referee to take proof upon the issue of whether personal service upon the defendant was made on October 22, 1931, decision of the motion to await the report of the referee, the matter to be decided by the justice then holding Special Term.

FINCH, P. J., MARTIN, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements to the appellants, the matter referred to an official referee to take proof upon the issue of whether personal service upon the defendant was made on October 22, 1931, decision of the motion to await the report of the referee, the matter to be decided by the justice then holding Special Term.

Settle order on notice.