Argued November 1, affirmed December 31, 1963

# LARSON *v.* ALLEN
388 P. 2d 115

*Berkeley Lent,* Portland, argued the cause for appellant. On the briefs were Peterson, Lent & Paulson, Portland.

*Lamar Tooze, Jr.,* Portland, argued the cause for respondent. With him on the brief were Tooze, Powers, Kerr, Tooze & Morrell, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, Goodwin and Lusk, Justices.

McALLISTER, C. J.

This is an action to recover damages for personal injuries resulting from the alleged negligence of defendant's decedent, Velma Rae Allen, hereinafter referred to as the defendant. In addition to a general denial, defendant as an affirmative defense pleaded the statute of limitations. By stipulation, the segregated issue of the statute of limitations was tried by the court without a jury. The court held that plaintiff's cause was barred and entered judgment for defendant. Plaintiff appeals.

This action arose out of a collision that occurred on August 7, 1959 in Multnomah county between an automobile operated by plaintiff and one operated by defendant. When the accident occurred defendant resided in Hood River county, but in September 1959 she moved to Multnomah county, where she resided until her death in September 1962.

Plaintiff filed his complaint in the circuit court for Multnomah county on August 4, 1961. On the same day a summons was issued and delivered to the sheriff of Hood River county with the intent that it be served on defendant. Plaintiff and his attorneys were acting on the mistaken belief that Mrs. Allen still resided in Hood River county.

The sheriff of Hood River county returned the summons with a "not found" return dated August 9, 1961, which recited that the sheriff had been informed that the defendant resided in Portland. The plaintiff's attorneys thereafter on August 11, 1961 delivered another original summons to the sheriff of Multnomah county, who served the defendant in Multnomah county on August 14, 1961.

The sole question presented is whether plaintiff commenced his action within two years after his cause of action accrued. ORS 12.110.

■ In the usual case an action is deemed commenced when the complaint is filed and the summons is served on the defendant. ORS 12.020. In this case a summons was not served within two years of the accrual of the cause of action, and the decisive question is whether plaintiff's attempt to commence the action should be deemed "equivalent to the commencement thereof." The applicable statute provides:

"ORS 12.030. An attempt to commence an ac-

tion shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the complaint is filed, and the summons delivered, with the intent that it be actually served, to the sheriff or other officer of the county in which the defendants or one of them usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. But such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days."

■ The case turns on the construction of the phrase "usually or last resided." Plaintiff argues that the delivery of the summons for service to the sheriff of the county in which the defendant "last resided" within the actual knowledge of plaintiff and his attorneys was sufficient. We think the statute cannot be so construed.

■ We think that if the defendant resides in Oregon the summons must be delivered for service within the time limited by statute to the sheriff of the county in which defendant resides. It is only when the defendant no longer resides in Oregon that the summons may be delivered to the sheriff of the county in which the defendant "last resided." A similar statute in New York has been so construed. *Kleila v. Miller,* 1 App Div 2d 697, 147 NYS2d 589, 591 (1955); *Guilford v. Brody,* 237 App Div 726, 262 NYS 722, 724 (1933). See also *Santaniello v. Levy,* 23 Misc 2d 145, 201 NYS2d 309, 310 (1960). The plaintiff cites the Iowa case of *Hampe v. Schaffer,* 76 Iowa 563, 41 NW 315 (1889), but that case and the later case of *Bracken v.*

*McAlvey,* 83 Iowa 421, 49 NW 1022 (1891), are readily distinguishable.

We agree with the learned trial judge that the action was not commenced within the time limited, and the judgment of the court below is affirmed.