Norris SYLLING, Plaintiff,

v.

AGSCO DISTRIBUTORS, INC., Defendant.

Civ. No. 8544.

Supreme Court of North Dakota.

Oct. 29, 1969.

Foughty, Christianson, Thompson & Rutten, Devils Lake, for plaintiff.

Duffy & Haugland, Devils Lake, for defendant.

TEIGEN, Chief Justice.

Two questions have been certified to us under Chapter 32–24, N.D.C.C. They are as follows:

"1. Where the plaintiff delivered to the Sheriff of Ramsey County for service upon the defendant and the said Sheriff attempted to make service by delivering a copy of the Summons and Complaint to one Edgar Brien but the said Edgar Brien was not an officer or agent of the defendant and the defendant had prior thereto ceased to maintain an office in Ramsey County, was the running of the statute of limitations tolled by such attempted service.

"2. Where Carbyne was purchased by the plaintiff from the defendant in the Spring of 1962 and was applied by aerial spraying the latter part of May, 1962 and an adverse effect upon his crop as a result of such spraying was noticeable by June 10, 1962 but the extent of the damage was not ascertainable until harvest about September 1962, was the service of the Summons and Complaint upon the defendant on June 24, 1968 sufficient to satisfy the statute of limitations."

The plaintiff seeks to recover damages for injury to his wheat crop alleged to have been caused by Carbyne purchased from the defendant. Carbyne is a chemical used to control weeds and wild oats in growing fields. The action is in the nature of a products liability suit. The defendant interposed the six-year statute of limitations as an affirmative defense.

The parties stipulated to certain facts for the purpose of having the trial court determine before trial whether the action is barred by the statute of limitations. The stipulation is as follows:

"I.

"That the Carbyne mentioned in the Complaint herein, was purchased by the plaintiff in the Spring of 1962 and was applied by aerial spraying the latter part of May, 1962, and that an adverse effect of the spraying upon his crop was noticable by June 10, 1962, but that the extent of the damage was not ascertainable until harvest about September, 1962.

"II.

"That prior to the 15th day of May, 1968, the Summons and Complaint in the matter was delivered to the Sheriff of Ramsey County, and that on the 15th day of May, 1968, service was attempted by the said Sheriff upon someone not an actual agent, or representative of the said defendant."

Based upon the above stipulation of facts, being the only evidence appearing of record, the trial court made the following findings of fact:

"I.

"That the Carbyne, the chemical in question, was purchased by the plaintiff during the spring of 1962, and that said chemical was applied by aerial spraying to his crops during the later part of May, 1962; that an adverse effect of the spraying was noticeable by June 10, 1962, but the permanency of such effect was not determined until later in the summer; and that it was not possible to ascertain the actual damage to the crop until the same was harvested in the fall of such year.

"II.

"That prior to the 15th day of May, 1968, plaintiff delivered the summons and complaint herein to the Sheriff of Ramsey County for service thereof upon

the defendant; that said Sheriff made service thereof within Ramsey County upon a purported agent of the defendant, and the validity of such service was questioned by the defendant; and that thereafter service was made upon the defendant by the Sheriff of Grand Forks County on June 24, 1968."

The trial court held the statute of limitations was not a bar.

Subsequently the parties joined in an application to certify the above questions of law to this court. The trial court then certified the two questions.

The defendant agreed it will not contest the question of liability in the event it shall be determined that the action is not barred by the statute of limitations. Therefore, the law applicable on the question of limitations will determine the issue of liability, leaving only the question of damages for trial.

We will now consider certified question No. 1.

■ We do not agree that the statute of limitations was tolled by the delivery of the summons to the Sheriff of Ramsey County prior to May 10, 1968. The stipulation of facts and the findings of fact both establish the defendant, a corporation, had ceased to maintain an office in Ramsey County prior to the delivery and that Edgar Brien was not a person upon whom service could be made as an officer or agent of the defendant corporation.

Section 28–01–38, N.D.C.C., upon which the court relied in determining that the delivery of the summons to the sheriff tolled the running of the statute of limitations, provides that an attempt to commence an action is the equivalent to the commencement thereof within the meaning of the chapter on limitations:

"when the summons, with the intent that it shall be actually served, is delivered:

"1. To the sheriff or other officer of the county in which the defendants or

one of them usually or last resided; or

"2. To the sheriff or other officer, if a corporation is defendant, of the county in which was situated the principal place of business of such corporation, or in which its general business was transacted, or in which it kept an office for the transaction of business."

The decision of the question is dependent upon an interpretation of the statute. It is obvious from question No. 1 that the defendant at one time maintained an office in Ramsey County; however, before the summons was delivered to the sheriff it had ceased to maintain such office. The record before us does not indicate where the defendant had its principal place of business or whether its general business was being transacted in Ramsey County. In the absence of facts on these questions they are not established in the case before us.

The Supreme Court of Oregon, in dealing with an identical statute in a case involving a person, held that the words "last resided" apply to a county of former residence only when the defendant no longer resides in the state. The court said:

"We think that if the defendant resides in Oregon the summons must be delivered for service within the time limited by statute to the sheriff of the county in which defendant resides. It is only when the defendant no longer resides in Oregon that the summons may be delivered to the sheriff of the county in which the defendant 'last resided.'" Larson v. Allen, 236 Or. 228, 388 P.2d 115, 117.

New York had a similar statute which it interpreted in a similar manner. Kleila v. Miller, 1 A.D.2d 697, 147 N.Y.S.2d 589, 591; Riker v. Curtis, 10 Misc. 125, 30 N.Y.S. 940; Guilford v. Brody, 237 App.Div. 726, 262 N.Y.S. 722; Santaniello v. Levy, 23 Misc.2d 145, 201 N.Y.S.2d 309; Klein v. Biben, 185 Misc. 835, 57 N.Y.S.2d 775. We have found no other states with a sim-

ilar statute and none have been pointed out to us.

This is a case of first impression in this state; however, the statute has been referred to in some earlier cases. In Donovan v. Dickson, 37 N.D. 404, 418, 164 N.W. 27, 31, this court, dealing with the statute, said:

"Under section 7383, Compiled Laws of 1913, an action is commenced as to each defendant when the summons is served on him, or when the summons is delivered to the sheriff or other officer of the county *in which the defendant resides* with the intent that it shall be served." [Emphasis added.]

In a later case this court, in referring to the same statute, in Citizens' State Bank of Selfridge v. Smeland, 48 N.D. 466, 469, 184 N.W. 987, 988, said:

"Section 7383, C.L.1913, provides that an action is commenced by the service of a summons; that an attempt to commence an action is deemed equivalent to the commencement thereof, when the summons is delivered with the intent that it shall be actually served to the sheriff or other officer of the county in which the defendant *resides*, * * *" [Emphasis added.]

We agree that this is the interpretation that must be placed upon the statute and is also applicable where corporations are defendants. In other words, the attempt to commence an action is equivalent to the commencement thereof for limitation purposes when the summons is delivered to the sheriff of the county in which the corporate defendant, at the time the summons is delivered to the sheriff, kept an office for the transaction of business, in which its general business was being transacted, or in which its principal place of business was situated. We construe the words "kept an office" to have reference to the time the summons is "delivered" to the sheriff and not to a time before the delivery as urged by the plaintiff. For the rea-

sons set forth we answer question No. 1 in the negative.

■■ We now come to question No. 2. It states "an adverse effect upon his crop as a result of such spraying was noticeable by June 10, 1962" which is more than six years prior to June 24, 1968, when service was made upon the defendant in Grand Forks County. However, the findings of the trial judge, to which we referred earlier in this opinion, indicate that the *permanency* of such effect was not determined until later in the summer and that it was not possible to ascertain the *actual* damage to the crop until the same was harvested in the fall.

The case was submitted to us on briefs and oral argument was waived. The defendant, in its brief, has adopted the facts set forth in the stipulation of facts and presents its argument on this premise, whereas the plaintiff, in his brief, premises his argument on the facts as found by the court. The complaint alleges warranty and negligence as theories of liability. Although the defendant conditionally admits liability, we do not know on which of the two theories alleged it admits liability. One of the important questions to determine, to answer the question, is: When did the cause of action accrue? If we assume the defendant conditionally admits liability based on the alleged tort by negligence, the action accrues when the injury is, or by reasonable diligence could be, discovered. Iverson v. Lancaster (N.D.), 158 N.W.2d 507.

It is stipulated that an adverse effect was noticeable by June 10, 1962; however, the trial court found the permanency of such effect was not determined until later in the summer. Does this imply that the application of Carbyne to a growing wheat crop naturally results in a temporary "adverse effect" to the tender wheat plants from which they are expected to recover and, therefore, the injury could not, with reasonable diligence, be discovered until later in the summer? Perhaps so, but the

record does not establish this as a fact. We find no evidence of record whatever upon which to find that the permanency of the adverse effect was not determined until later in the summer. As we stated earlier one party relies on the stipulation of facts to support its legal argument and the other on the additional findings of the trial court which are not supported by any evidence of record.

The trial court ruled the statute was tolled by the delivery of the summons to the Sheriff of Ramsey County prior to May 15, 1968, and, further, that the statute of limitations did not commence to run until after June 24, 1962. In its memorandum decision it concluded the cause of action did not accrue until the "damage was ascertainable at the time of the harvest of the crop"; however, this language was not included in its findings of fact, conclusions of law and order.

It is obvious from the record before us that the trial court went beyond the stipulation of facts and we find no other record upon which such findings are based. The attorneys, in their respective briefs, followed two separate courses in their arguments, dependent upon which set of facts they elected to support their arguments. It is clear the facts are not settled on the issue of when the cause of action accrued. It is also clear that the meaning of the phrase "adverse effect" is not settled. The six-year statute of limitations interposed as an affirmative defense provides:

"The following actions must be commenced within six years after the *cause of action has accrued*: * * *" [Emphasis added.] Section 28–01–16, N.D. C.C.

We find the determination made by the trial court is not based on evidence of record in the case, and the parties assign divergent meanings to the phrase "adverse effect" contained in the question certified to us for answer. To define the phrase would require us to make inferences of fact without a basis of fact clearly settled.

"Where questions are certified to the Supreme Court, under chapter 2, S.L. 1919, providing for the certification of questions in certain cases, it is held: That the question is not within the purview of the statute when the answer to the question certified turns upon issues or facts not clearly settled or ascertained; that the question of law must be clearly stated and not involve questions of fact or those of mixed law and fact, involving inferences of fact from particular facts stated, following Stutsman County v. Dakota Trust Co., 45 N.D. 451, 178 N.W. 725." State v. Fahn, 52 N.D. 134, 202 N.W. 130.

For this reason we cannot assume jurisdiction of question No. 2 and the matter is remanded to the trial court for such further action as may be necessary and expedient.

STRUTZ, ERICKSTAD, PAULSON and KNUDSON, JJ., concur.