Argued April 30, affirmed June 1, 1973

WEINBERGER, *Appellant, v.* RALL, *Respondent.*

510 P2d 549

*Robert P. Bell,* Beaverton, argued the cause for appellant. With him on the brief were Myatt, Bolliger & Hampton, P. C., Beaverton.

*David G. Frost,* Hillsboro, argued the cause and filed a brief for respondent.

BRYSON, J.

In this action at law to recover damages for personal injuries suffered by plaintiff in an automobile collision, defendant pleaded the statute of limitations as an affirmative defense. After an evidentiary hearing on that defense, the court held that the action had not been commenced within the two-year period of limitations for that type of action (ORS 12.110 (1)) and dismissed the complaint. Plaintiff appeals.

The accident occurred on September 19, 1969, in Washington County, Oregon. At that time, and while in Oregon, defendant was a resident of Clackamas County, and was employed in Washington County. On December 18, 1970, defendant moved to Snohomish County, Washington. On September 16, 1971, plaintiff filed her complaint in the circuit court of Washington county and delivered a summons and complaint to the sheriff of that county for service on defendant. On September 28, 1971, the sheriff of Washington county returned the summons unserved because he was unable

to locate defendant within the county. Plaintiff forwarded the summons and complaint to the sheriff of Snohomish County, Washington, who obtained personal service on defendant on October 26, 1971. Plaintiff took an order of nonsuit as to defendant General Telephone Company of the Northwest, Inc.

Plaintiff's sole assignment of error is:

"The Court below erred by construing O.R.S. 12.030 to require delivery of summons and complaint to the Sheriff of the county of nonresident defendant's last residence in Oregon. Such a construction is unreasonable and if so construed the statute would deny the constitutional safeguards of due process and equal protection."

ORS 12.030 provides:

"12.030 Attempt to begin action. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the complaint is filed, and the summons delivered, with the intent that it be actually served, to the sheriff or other officer of the county in which the defendants or one of them usually or last resided; * * *. But such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days."

Plaintiff argues that to comply with this statute would force him to perform an arbitrary, useless act (delivery of the summons to the sheriff of Clackamas county, where defendant last resided) in order to obtain the 60-day tolling of the statute of limitations. According to plaintiff, this would be a "mere gesture, in no way calculated to actually notify the non-resident defendant * * *," and ORS 12.030 so construed is an unconstitutional denial of due process under the Four-

teenth Amendment to the Constitution of the United States.

■ We cannot agree. This court must uphold the constitutionality of legislation when it is reasonably possible. *City of Portland v. Welch,* 229 Or 308, 316, 364 P2d 1009, 367 P2d 403 (1961); *State v. Jackson,* 224 Or 337, 345, 356 P2d 495 (1960).

In a case construing ORS 12.030, this court stated:

"We think that if the defendant resides in Oregon the summons must be delivered for service within the time limited by statute to the sheriff of the county in which defendant resides. It is only when the defendant no longer resides in Oregon that the summons may be delivered to the sheriff of the county in which the defendant 'last resided.' * * *." *Larson v. Allen,* 236 Or 228, 231, 388 P2d 115 (1963).

This is the only method by which plaintiff can obtain a 60-day extension of the statute of limitations. We conclude that this rule is rationally related to a legitimate legislative objective and does not offend the concepts of due process and equal protection of the law. We have found no cases on point in other states which have enacted similar legislation.[1]

The 60-day extension of the statute of limitations is designed to aid the plaintiff who faces the serious problem of serving a nonresident defendant under the pressure of a limitations period which is

[1] *See and compare* Iowa R Civ P 49, 58 Iowa Code Ann Supp 6 (1972); Mich Comp Laws § 600.5856 (3) (1968); Minn R Civ P, Dist Ct, 301, 27A Minn Stat Ann 375 (1968); NY R Civ Prac 203 (b) 5 (McKinney 1972); 2 Laws, So Carolina § 10-101 (1962); 6 So Dakota Comp Laws § 15-2-31 (1969); 5 Tenn Code Ann § 28-105 (1955); Wisc Stat Ann § 330.40 (1958). See generally Annot., 27 ALR2d 236 (1953).

about to expire. To a plaintiff in this predicament, a 60-day reprieve is a substantial benefit. The legislature has seen fit to impose the duties of delivery of the summons to the proper officer and actual service within 60 days thereafter to ensure that only those deserving may claim the advantage. The requirement that the summons and complaint be delivered to an officer in the county where the defendant "last resided" is designed to provide objective evidence that the defendant's absence from the state was the only reason service was not achieved within the statutory period. Delivery of the summons and complaint to the sheriff of the county where defendant last resided provides some circumstantial guarantee that the defendant has in fact left the state. The defendant's remaining business or social contacts, if any, within this state are likely to be in the county where the defendant last resided. If there exists a possibility of obtaining personal service on the defendant within the state, attempted service would most probably be successful in the county where the defendant maintains his most significant contacts. For this reason, the sheriff's search in the county of the defendant's last residence is neither arbitrary nor capricious, as defendant suggests, but is designed to fulfill valid legislative objectives.

■ ORS 12.030 is intended not to provide options in the manner of service, but to isolate the one manner of service which will in all likelihood demonstrate whether the defendant is present in or absent from the state. Most familiar registries of the population (tax rolls, voting lists, telephone directories, records of drivers' licenses and automobile registration) provide a residential address rather than the address of a place of employment.

■■ We are satisfied that a rational basis underlies the statutory distinction between plaintiffs who attempt service in the county of last residence and those who attempt service in the county of last employment. Given that fact, this court will not declare the legislation unconstitutional merely because it does not solve the entire problem or because in practice it might result in some inequality. *Mallatt v. Luihn et al,* 206 Or 678, 702, 294 P2d 871, 882 (1956) ; *State v. Pyle,* 226 Or 485, 490, 360 P2d 626 (1961).

5. Plaintiff failed to deliver the summons and complaint to the sheriff of the county in which defendant last resided within the two-year period of limitations. *Cf. Larson v. Allen, supra.* Therefore, there was no sufficient attempt to commence the action within the terms of ORS 12.030, and the trial court properly dismissed the complaint.

Affirmed.