Argued January 9, reversed and remanded February 13, 1975

# TISCHHAUSER et al, *Appellants, v.* TROTTMAN, *Respondent.*

531 P2d 905

*Donald M. Pinnock* of Davis, Ainsworth & Pinnock, Ashland, argued the cause and filed a brief for appellants.

*Thomas C. Howser* of Cottle & Howser, Ashland, argued the cause and filed a brief for respondent.

McALLISTER, J.

This is an action to recover the reasonable value of accounting services allegedly performed by plaintiffs for defendant Lucille Trottman and her former husband. The case was tried on the segregated issue of whether the action was commenced within the time limited by statute.[1] The court held that the plaintiffs' alleged cause of action was barred by the statute of limitations, ORS 12.080, and entered judgment for defendant. Plaintiffs appeal.

There is no dispute about the facts. Defendant resided in Jackson County, Oregon, when plaintiffs' cause of action accrued. In 1965 defendant moved to California and in 1966 moved to Boise, Ada County, Idaho, where she was still residing when served with summons in this case.

The last payment on plaintiffs' account was made on February 1, 1967, and plaintiffs' action normally would have been barred by the statute of limitations on February 1, 1973. Plaintiffs' complaint was filed in the Circuit Court of Jackson County, Oregon, on De-

---

[1] ORS 11.060:

"Upon motion of any party, the court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, crossclaim, counterclaim or of any separate issue or of any number of claims, crossclaims, counterclaims or issues."

cember 20, 1972. Defendant was personally served with summons in Ada County, Idaho, on February 14, 1973, which was 14 days after the statute of limitations would have expired unless extended by ORS 12.030.[2]

The issue is whether the statute of limitations was extended for 60 days by ORS 12.030, which provided:

"An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the complaint is filed, and the summons delivered, with the intent that it be actually served, to the sheriff or other officer of the county in which the defendants or one of them usually or last resided * * *. But such an attempt shall be followed by the first publication of the summons, or the service thereof, within sixty days."

When plaintiffs' complaint was filed on December 20, 1972, they forwarded a summons to the sheriff of Ada County, Idaho, with instructions to serve the summons on defendant at her address in Boise. Defendant contends that the statute of limitations was not extended for 60 days by ORS 12.030 because the plaintiffs did not, before the statute had expired, deliver a summons to the sheriff of Jackson County for service on defendant. Defendant relies on *Larson v. Allen*, 236 Or 228, 388 P2d 115 (1963) and *Weinberger v. Rall*, 265 Or 597, 510 P2d 549 (1973).

It is clear that when plaintiffs filed their complaint they knew (1) that defendant resided in Ada County, Idaho, and (2) that she did not reside in Jackson County, Oregon. It would have been a useless

---

[2] ORS 12.030 was repealed by Oregon Laws 1973, Chapter 731, § 2, and, as amended, was replaced by ORS 12.020(2). The amendment obviated the problem involved in this case.

act to deliver to the sheriff of Jackson County a summons to serve on a person who resided in Idaho. Candor and courtesy would have required the plaintiffs to inform the sheriff that he could not serve defendant because she resided in Idaho and to request that he merely file a "not found" return. Such a useless act could not have been intended by the legislature.

■■ On the contrary, ORS 12.030 requires the delivery of the summons to the sheriff *with the intent that defendant be served.* The plaintiffs could not have delivered a summons to the sheriff of Jackson County with the intent that it be served on defendant when plaintiffs knew that defendant could not be found in Jackson County. The only sheriff to whom plaintiffs could deliver a summons with the intent that it be served was the sheriff of Ada County, Idaho. We hold that the plaintiffs were not required to perform the vain act of delivering the summons to the sheriff of Jackson County and request him to file a "not found" return before proceeding to have defendant served in Idaho.

To the extent that this opinion is in conflict with what we said in *Larson v. Allen,* supra, or *Weinberger v. Rall,* supra, those cases are overruled.

The judgment of the circuit court is reversed and the cause remanded for further proceedings not inconsistent herewith.