1999 SD 13

**Angie E. SAMUELSON, Plaintiff and Appellee,**

v.

**Derek C. JORGENSON, Defendant and Appellant.**

**No. 20488.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 1, 1998.

Decided Feb. 3, 1999.

Robert J. Burns of Burns Law Firm, Sioux Falls, for plaintiff and appellee.

Gary Thimsen and Susan M. Sabers of Woods, Fuller, Schultz & Smith, P.C., Sioux Falls, for defendant and appellant.

KERN, Circuit Court Judge.

[¶ 1.] Derek Jorgenson's motion to dismiss on the grounds that service of process was untimely was denied. We affirm.

FACTS AND PROCEDURAL HISTORY

[¶ 2.] On September 12, 1994, Angie Samuelson (Samuelson) and Derek Jorgenson (Jorgenson) were involved in a motor vehicle accident in Sioux Falls. Samuelson was injured. The municipality of Sioux Falls is situated in both Minnehaha and Lincoln Counties. Although Samuelson and Jorgenson were residents of Sioux Falls, Samuelson resided in Minnehaha County and Jorgenson in Lincoln County.

[¶ 3.] On September 12, 1997, exactly three years from the date of the accident and the last day of the statute of limitations, Samuel-

son delivered a summons and complaint to the Minnehaha County sheriff's office for service upon Jorgenson. On September 22, 1997 the Minnehaha County sheriff's office returned the summons and complaint after the sheriff discovered Jorgenson lived in that portion of Sioux Falls located in Lincoln County. Accordingly, on September 24 Samuelson delivered the summons to the Lincoln County sheriff for service on Jorgenson. Service was effectuated on October 2, 1997.

[¶ 4.] Jorgenson moved to dismiss Samuelson's complaint for failure to timely serve the summons and complaint. The circuit court found that service was effectuated after the statute of limitations had run and dismissed the case. A week later, this Court decided *Wagner v. Truesdell*, 1998 SD 9, 574 N.W.2d 627, in which the Court applied the doctrine of substantial compliance to personal service mandates.

[¶ 5.] The circuit court reconsidered its decision and ultimately reversed its prior ruling. The court held that the sheriff of Minnehaha County had the authority to effect service of process on Jorgenson in that portion of Sioux Falls situated within Lincoln County. The court found that Samuelson, at a minimum, substantially complied with the statutory requirements of SDCL 15–2–31, and therefore, service upon Jorgenson within the sixty-day extension provided by statute was proper.·

## STANDARD OF REVIEW

[¶ 6.] "Our standard of review on a motion to dismiss under SDCL 15–6–12(b) is the same as our review of a motion for summary judgment—is the pleader entitled to judgment as a matter of law?" *Estate of Billings v. Deadwood Congregation*, 506 N.W.2d 138, 140 (S.D.1993) (citing *Jensen Ranch, Inc. v. Marsden*, 440 N.W.2d 762, 764 (S.D.1989)). We review the decision of the circuit court de novo.

## ANALYSIS AND DECISION

[¶ 7.] On appeal, Jorgenson claims that the circuit court erred in denying his motion to dismiss and presents one issue on appeal.

[¶ 8.] Did the trial court err in finding that Samuelson complied with SDCL 15–2–31?

[¶ 9.] Jorgenson contends that the circuit court erred by finding that Samuelson substantially complied with the dictates of SDCL 15–2–31 by delivering the summons and complaint to the Minnehaha County sheriff rather than the Lincoln County sheriff within the statute of limitations. SDCL 15–2–31 provides in relevant part:

An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff *or other officer of the county* in which the defendants or one of them, usually or last resided ... Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days. (emphasis added).

The crux of Jorgenson's argument is that Samuelson did not deliver the summons to the Lincoln County sheriff's office for service before the statute of limitations expired on September 12, therefore depriving her of the sixty day extension provided by SDCL 15–2–31. The summons was not actually served by the Lincoln County sheriff's office until October 2, 1997. Without the applicability of the extension this date is outside the statute of limitations. The trial court ruled that delivery to the Minnehaha County sheriff on September 12, 1997 constituted substantial compliance with SDCL 15–2–31 and denied the motion to dismiss.

[¶ 10.] We need not determine whether the rule of substantial compliance recently articulated in *Wagner* applies, because this is a case of strict rather than substantial compliance with a statute. The question upon which this case turns is whether the sheriff of Minnehaha County was an officer of Lincoln County for the purpose of serving process therein.

[¶ 11.] A peace officer is an officer of the county for purposes of the sixty day extension authorized by 15–2–31. A peace officer's statutory authority to serve process in a county is defined in SDCL 9–14–26, which provides:

Any peace officer of any municipality which is situated in more than one county may serve and execute any civil or criminal process within any of the counties in which such municipality is situated.

Furthermore, SDCL 9–29–20 grants equal power to the sheriff of a county partially encompassing such a municipality:

The sheriff or any constable of the county or counties in which the municipality is situated may serve any process or make any arrest authorized to be made by any municipal officer.

In other words, sheriffs of counties containing municipalities that extend into more than one county are officers of each concerned county for purposes of serving process under SDCL 15–2–31. As such, when Samuelson properly delivered the summons and complaint to the Minnehaha County sheriff on September 12, 1997, the last day of the statute of limitations, strict compliance with SDCL 15–2–31 occurred and the sixty day extension was activated. Service of process on Jorgenson October 2, 1997 was well within this extension.

## CONCLUSION

[¶ 12.] Although the trial court found Jorgenson substantially complied with SDCL 15–2–31 and we find instead strict compliance with the statute, we will not overturn a right result even though it is based on a wrong reason. *Holmes v. Miller*, 71 S.D. 258, 23 N.W.2d 794 (S.D.1946). *See also Western Air Lines, Inc. v. Hughes County*, 372 N.W.2d 106 (S.D.1985). The circuit court correctly denied Jorgenson's motion to dismiss.

[¶ 13.] Affirmed.

[¶ 14.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP and GILBERTSON, Justices, concur.

[¶ 15.] KERN, Circuit Judge, for SABERS, Justice, disqualified.