Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 
YANKTON ETHANOL INC.,
Plaintiff and Appellee,
v.
VIRONMENT, INC.,
A South Dakota Corporation,
Eugene Noonan, Jerry Noonan, Individually,
and as Officers, Directors, and Stockholders of Vironment, Inc.,
Defendants and Appellants,
and Paul Middaugh, Individually,
and as Officer, Director, and Stockholder of Vironment, Inc.,
Defendant.
[1999 SD 42]
South Dakota Supreme Court
Appeal from the First Judicial Circuit, Yankton County, SD
Hon. Lee A. Tappe, Judge
#20558--Reversed
Timothy L. James, James & Associates, Yankton, SD
Attorneys for Plaintiff and Appellee.
Dennis C. McFarland, Sioux Falls, SD
Attorney for Defendants and Appellants.
Considered on Briefs Jan 14, 1999; Opinion Filed Apr 7, 1999
AMUNDSON, Justice. 
[Â¶1] Vironment, Inc. (Vironment) appeals the circuit court's order granting Yankton Ethanol, Inc.'s (Yankton Ethanol) motion to dismiss Vironment's counterclaim. We reverse and remand.
FACTS 
[Â¶2] On September 25, 1989, Vironment contracted with Yankton Ethanol to purchase the Yankton Ethanol Plant. The contract document was prepared by attorney Charles E. Light (Light), who is also the sole shareholder, officer, and director of Yankton Ethanol.
[Â¶3] On July 21, 1994, Vironment filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code and obtained an automatic stay of any proceedings against debtor.
[Â¶4] Yankton Ethanol obtained relief from the stay and on November 14, 1996, commenced an action against Vironment alleging breach of sales agreement, fraud with regard to Vironment's declaration of bankruptcy, and misappropriation of corporate assets. Vironment answered and filed a counterclaim, alleging fraud in the inducement to contract, an action for rescission, an action for anticipatory breach of contract, and an action to have the contract declared void. Vironment's claim rests on the allegation that Light intentionally misrepresented that the plant had produced significant quantities of fuel grade alcohol and that the plant had the capability to produce significant quantities of fuel grade alcohol for the purpose of inducing the sale of the Yankton Ethanol facility.
[Â¶5] The trial court granted Yankton Ethanol's motion to dismiss under SDCL 15-6-12(b) on the grounds the action was barred by the statute of limitations set forth in 11 USCS 546 (a)(1)(A) of the bankruptcy code and by SDCL 15-2-13. Vironment appeals, raising the following issues:


1. Whether the circuit court erred in dismissing defendant's counterclaim as barred by the period of limitation set forth in 11 USCS 546 (a)(1)(A).
2. Whether the circuit court erred in dismissing defendant's counterclaim as barred by the period of limitation set forth in SDCL 15-2-13.
3. Whether the circuit court erred in granting the motion to dismiss based upon SDCL 47-7-50.
STANDARD OF REVIEW 
[Â¶6] Our standard of review for a motion to dismiss is as follows:


A motion to dismiss under SDCL 15-6-12(b) tests the legal sufficiency of the pleading, not the facts which support it. Estate of Billings v. Deadwood Congregation, 506 NW2d 138, 140 (SD 1993) (citing Hunt v. Hunt, 309 NW2d 818, 820 (SD 1981)). For purposes of the pleading, the court must treat as true all facts properly pled in the complaint and resolve all doubts in favor of the pleader. Johnson v. Kreiser's, Inc., 433 NW2d 225, 226 (SD 1988); Janklow v. Viking Press, 378 NW2d 875, 877 (SD 1985). "Our standard of review of a trial court's grant or denial of a motion to dismiss is the same as our review of a motion for summary judgment--is the pleader entitled to judgment as a matter of law?" BillingsÂ¸ 506 NW2d at 140 (citing Jensen Ranch, Inc. v. Marsden, 440 NW2d 762, 764 (SD 1989)).
Steiner v. County of Marshall, 1997 SD 109, Â¶16, 568 NW2d 627, 631 (citing Stumes v. Bloomberg, 1996 SD 93, Â¶6, 551 NW2d 590, 592). As this presents a question of law, we review the trial court's decision de novo, with no deference given to the trial court's legal conclusions. Thompson v. Summers, 1997 SD 103, Â¶5, 567 NW2d 387, 390 (citing City of Colton v. Schwebach, 1997 SD 4, Â¶8, 557 NW2d 769, 771).
DECISION 
[Â¶7] 1. Whether 11 USCS 546 (a)(1)(A) of the Bankruptcy Code is applicable.
[Â¶8] Yankton Ethanol received relief from the automatic stay imposed by the filing of bankruptcy petition in order to initiate its claims against Vironment.(fn1)  Vironment counterclaimed, alleging fraud in the inducement of the contract.(fn2)  The trial court dismissed Vironment's cause of action pursuant to statute of limitations found in 11 USCS 546 (a)(1)(A).
[Â¶9] Section 546 of the bankruptcy code limits the "avoiding powers" of a trustee in bankruptcy. Under these "avoiding powers" a trustee or debtor in possession has the power to avoid certain transfers of property for the benefit of creditors. See 11 USCS 544,(fn3)  545,(fn4)  547,(fn5)  548,(fn6)  553;(fn7)  8A CJS, Bankruptcy, Â§123 at 122 (1988). 11 USCS 546 (a)(1)(A) establishes a two-year period of limitations for actions brought by a trustee under its avoiding powers. 11 USCS 546 (a)(1)(A) provides in relevant part:


(a) An action or proceeding under Section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of--



(1) the later of--

(A) 2 years after the entry of the order for relief[.]
[Â¶10] Both a review of the record and a review of bankruptcy code fail to show how the limitations on a trustee's avoiding powers apply to the case at hand.(fn8)  A review of Vironment's counterclaim discloses a claim asserted under a state law cause of action for fraud in the inducement of a contract. Section 546(a) of the bankruptcy code is inapplicable to a claim brought pursuant to state law, and not under the trustee's avoiding powers. See Schwartz v. Pierucci, 60 BR 397, 399 (EDPa 1986) (limitation on trustee's avoiding power did not bar trustee's action against savings and loan association for the state law claim of knowingly or in bad faith cashing checks for principals of debtor.) Therefore, trial court erred in applying time limitations under a trustee's avoiding powers to Vironment's claim.
[Â¶11] 2. Whether SDCL 47-7-50 requires dismissal.
[Â¶12] In the trial court's signed findings of fact and conclusions of law, the trial court dismissed pursuant to SDCL 47-7-50, which provides:


The dissolution of a corporation either by the issuance of a certificate of dissolution by the secretary of state, or by a decree of court when the court has not liquidated the assets and business of the corporation as provided in this chapter, or by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name. The shareholders, directors and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right or claim.
However, SDCL 47-7-30.2 allows for the reinstatement of the corporation following administrative dissolution. SDCL 47-7-30.2 provides, in relevant part:


Any corporation administratively dissolved under Â§47-7-30.1 may apply to the secretary of state for reinstatement.
...
If the secretary of state determines that the application contains the information required and that the information is correct, the secretary of state shall cancel the certificate of dissolution and prepare a certificate of reinstatement ... . When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred.
[Â¶13] Vironment was administratively dissolved by the secretary of state for failure to file an annual report on May 1, 1994. Vironment applied for and received reinstatement on May 22, 1997.
[Â¶14] SDCL 47-7-30.2 clearly provides upon reinstatement the corporate existence "relates back" as if no dissolution had taken place. The 1995 amendment to SDCL 47-7-30.2 specifically deleted the provision that would have allowed reinstatement only "within two years after the effective date of dissolution."
[Â¶15] It is a well-established rule of construction "'[w]hen the question is which of two enactments the legislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute.'" Moss v. Guttormson, 1996 SD 76, Â¶10, 551 NW2d 14, 17 (quoting U.S. West Communications, Inc. v. Public Utilities Comm'n, 505 NW2d 115, 123 (SD 1993)). Construing SDCL 47-7-50 as the trial court has would effectively render SDCL 47-7-30.2 meaningless. "There is a presumption against a construction which would render a statute ineffective or meaningless." In re Real Estate Tax Exemption for Black Hills Legal Services, Inc., 1997 SD 64, Â¶12, 563 NW2d 429, 432; Rapid City Ed. Ass'n v. School Dist., 522 NW2d 494, 498 (SD 1994) (citing Nelson v. Sch. Bd. of Hill City Sch. Dist., 459 NW2d 451, 455 (SD 1990)). Giving meaning to SDCL 47-7-30.2, we conclude following reinstatement a corporation continues as if no dissolution had occurred. Consequently, SDCL 47-7-50 does not bar suit.
[Â¶16] Because of our resolution of the above issues, we need not address the remaining issue.
[Â¶17] Reversed and remanded for proceedings consistent with this decision.
[Â¶18] MILLER, Chief Justice, SABERS, KONENKAMP, and GILBERTSON, Justices, concur.
Footnotes
1.  Permitting a matter to proceed before another tribunal may constitute the "cause" for relief from the automatic stay provided for in Â§362(d)(1) and the decision to grant relief is entirely within the discretion of the bankruptcy court. In re Valley Kitchens, Inc., 58 BR 6, 9 (BankrSDOhio 1985) (citing In re Midwest Emery Freight System, Inc., 48 BR 566, 569 (BankrNDIll 1985); In re Sterling Mining Co., Inc., 21 BR 66, 68 (BankrVa 1982)). 
2.  Vironment, as debtor, need not receive relief from the automatic stay to initiate its claim. See 11 USC Â§362 (a)(1); Carley Capital Group v. Fireman's Fund Ins. Co., 889 F2d 1126, 1127 (DCCir 1989) (agreeing that the automatic stay provision, "'by its terms only stays proceedings against the debtor,' and 'does not address action brought by the debtor which would inure to the benefit of the bankruptcy estate.'"); Fitzgerald v. Critchfield, 744 P2d 301, 303 (UtahApp 1987); Assoc. of St. Croix Condominium Owners v. St. Croix Hotel, 682 F2d 446, 448 (3rdCir 1982). 
3.  Section 544 provides for the trustee as lien creditor and as successor to certain creditors and purchasers. 
4.  Section 545 allows a trustee to avoid the fixing of statutory liens on the property of the debtor. 
5.  Section 547 allows the trustee to avoid preferences. 
6.  Section 548 allows the trustee to avoid fraudulent transfers and obligations. 
7.  Section 553 allows the trustee to avoid a transaction for the setoff of a mutual debt owing by creditor to the debtor in certain situations. 
8.  No authority was cited where these sections of the bankruptcy code have precluded a debtor from proceeding with a state law cause of action.