1999 SD 121

**Gregory T. RAMSEY, Plaintiff and Appellant,**

v.

**Diana M. MATHISRUD, Defendant and Appellee.**

No. 20890.

Supreme Court of South Dakota.

Considered on Briefs June 1, 1999.

Decided Sept. 1, 1999.

A.P. Fuller of Fuller, Tellinghuisen, Gordon & Percy, Lead, South Dakota, Attorneys for plaintiff and appellant.

---

Curt Ireland, Rapid City, South Dakota, Attorney for defendant and appellee.

PER CURIAM.

[¶ 1.] Ramsey appeals the denial of an extended time for service of a summons and complaint based upon the process server's status as a reserve police officer for a municipality. Finding that the process server was not acting as a reserve police officer at the time of service, we affirm.

## FACTS

[¶ 2.] Ramsey and Diana Mathisrud were involved in a traffic accident in Lead, South Dakota on August 4, 1995. Ramsey alleges Mathisrud negligently collided with his vehicle causing him extensive personal injuries and damages. On August 10, 1998, Ramsey's counsel had a summons and complaint for negligence served on Mathisrud. Mathisrud subsequently moved to dismiss due to expiration of the three year statute of limitations in SDCL 15–2–14(3):

Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within three years after the cause of action shall have accrued:

* * *

(3) An action for personal injury.

A hearing was held and the trial court subsequently entered findings of fact, conclusions of law and an order dismissing Ramsey's action. Ramsey appeals.

## ISSUE

[¶ 3.] **Was the process server working for a private corporation or for a municipality as a reserve police officer when he served process?**

[¶ 4.] Ramsey argues the trial court erred in dismissing his action because the summons and complaint were served by a reserve police officer for the City of Dead-wood who is entitled to an extension of time for service under SDCL 15–2–31:

An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff *or other officer of the county* in which the defendants or one of them, usually or last resided ... Such an attempt must be followed by the ... service thereof, within sixty days. (emphasis added).

Ramsey contends since the summons and complaint were delivered to the reserve police officer before expiration of the statute of limitations and were served by him less than sixty days later, there was no violation of the statute in the commencement of the action. Accordingly, Ramsey argues the dismissal must be reversed. We disagree.

[¶ 5.] This Court's standard of review for a dismissal is, " 'the same as [its] review of a motion for summary judgment—[*i.e.,*] is the pleader entitled to judgment as a matter of law?' " *Samuelson v. Jorgenson,* 1999 SD 13, ¶ 6, 588 N.W.2d 598, 599 (quoting *Estate of Billings v. Deadwood Congregation,* 506 N.W.2d 138, 140 (S.D.1993)). Under this standard, Mathisrud is clearly entitled to judgment as a matter of law.

[¶ 6.] It is settled that, "[a] peace officer is an officer of the county for purposes of the sixty day extension authorized by [SDCL] 15–2–31." *See Samuelson,* 1999 SD 13 at ¶ 11, 588 N.W.2d at 599. The term "peace officer" is defined in SDCL 23A–45–9(13) as, "a law enforcement officer[.]" A "law enforcement officer" includes, "an officer or employee of the state or any of its units of local government ... who is responsible for the prevention or detection of crimes or for the enforcement of the criminal or highway traffic laws of the state." SDCL 23A–45–9(9). Because a reserve police officer would typically have such responsibilities

while acting in that capacity,* a reserve police officer serving process may be considered a "peace officer" qualified for the sixty day extension authorized by SDCL 15–2–31.

[¶ 7.] The distinguishing factor here is that the process server, John Peppmeier, was not acting as a reserve police officer when he served process for Ramsey. Counsel's letter requesting service was not addressed to Peppmeier as a reserve police officer or to the Deadwood Police Department. Rather, counsel sent his letter to a private corporation named "Investigative & Security Professionals, Inc." Peppmeier's return of service was also on a form under the company letterhead. Peppmeier explained during his deposition the company is a family business he organized to provide investigative services and to serve legal papers for attorneys. Fees for these services, including the service of process, are paid to the corporation or to Peppmeier personally and are deposited in a corporate bank account. For these reasons and since service fees received by a police officer are to be paid over to the municipal treasurer and accounted for with the auditor or clerk (SDCL 9–14–29), it is apparent that Peppmeier was not functioning as a reserve police officer when he served process in this case, but only as a private process server for profit.

[¶ 8.] A private process server holds only the status of an elector of the state. *See e.g. Mueller v. Zelmer*, 525 N.W.2d 49, 50—51 (S.D.1994)(employee of firm that served documents at the request of lawyers had no authority to serve process in a county where she was not an elector). While SDCL 15–6–4(c) gives "elector[s] of the state" authority to serve process, SDCL 15–2–31 does not grant them the sixty day extension given to sheriffs or other officers of a county. Absent that extension, the service of process in this case followed the expiration of the

applicable statute of limitations. Accordingly, the trial court did not err in dismissing the action for violation of the statute.

[¶ 9.] Affirmed.

[¶ 10.] MILLER, Chief Justice, and SABERS, KONENKAMP, and GILBERTSON, Justices, participating.

[¶ 11.] AMUNDSON, Justice, deeming himself disqualified, did not participate.

police officer issued citations, arrested people and controlled crowds.

---

* *See e.g. City of Sturgis v. Koch*, 1998 SD 100, ¶ 8, 583 N.W.2d 170, 172 where the reserve