2002 SD 44

**Jennifer EDSILL, Plaintiff and Appellant,**

v.

**Laura Lynn SCHULTZ, Defendant and Appellee.**

**No. 21987.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 7, 2002.

Decided April 17, 2002.

---

Sandra K. Hoglund of Davenport, Evans, Hurwitz & Smith Sioux Falls, South Dakota, Larry J. Cohrt of Swisher & Cohrt, Waterloo, Iowa, Attorneys for plaintiff and appellant.

Kristine Kreiter O'Connell of Woods, Fuller, Shultz & Smith, Sioux Falls, South Dakota, Attorneys for defendant and appellee.

GORS, Acting Justice.

[¶ 1.] This appeal involves sufficiency of service of process to commence a personal injury lawsuit following a car accident. The suit was dismissed on grounds that the summons and complaint were not timely served and therefore, the trial court lacked jurisdiction. We affirm.

### FACTS AND PROCEDURE

[¶ 2.] On December 12, 1997, Jennifer Edsill was a passenger in an automobile that was involved in a collision in Minnehaha County with an automobile driven by Laura Schultz. Schultz provided a Watertown, Codington County, address to investigators at the scene.

[¶ 3.] On December 11, 2000, with the statute of limitations set to expire the next day, Edsill delivered a summons and complaint for a personal injury action to the Codington County sheriff for service on Schultz. On December 13, the sheriff returned an affidavit of non-service, indicating he was unable to locate Schultz.

[¶ 4.] On January 16, Edsill delivered the summons and complaint to sheriffs in Yankton, Minnehaha and Lake counties. Schultz was eventually located and person-

ally served on January 17, 2001, in Chester, South Dakota by the Lake County sheriff.

[¶ 5.] On February 14, Schultz filed a motion to dismiss the lawsuit for failure to timely commence the action. Following a hearing on this motion, the trial court entered a judgment of dismissal. Edsill appeals, claiming the trial court erred, as a matter of law, in ruling that she failed to timely acquire jurisdiction of Schultz under SDCL 15–2–31.

### ANALYSIS AND PROCEDURE

[¶ 6.] SDCL 15–2–31 permits service of process by a sheriff of the county in which the defendant last resided. In effect, it provides for a 60–day extension for service of process, but the summons must be timely delivered to a sheriff or other officer of the county with statutory authority to serve process. The statute provides:

> An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, *usually or last resided;* or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

(emphasis added). Edsill claims this case turns on interpretation of the phrase "usually or last resided," which heretofore has not been interpreted by this Court. She further claims she "substantially complied" with this statute in accord with our decision in *Wagner v. Truesdell,* 1998 SD 9, 574 N.W.2d 627. Therein, we stated:

> 'Substantial compliance' with a statute means actual compliance in respect to the substance essential to every reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*Id.* at ¶ 7 (quoting *State v. Bunnell,* 324 N.W.2d 418, 420 (S.D.1982)). The trial court held the doctrine of substantial compliance did not apply to SDCL 15–2–31 and that Edsill had not strictly complied with the statute's requirements. The court granted Schultz's motion to dismiss.

[¶ 7.] We review the grant of a motion to dismiss by determining whether the moving party is entitled to judgment as a matter of law. *Yankton Ethanol, Inc. v. Vironment, Inc.,* 1999 SD 42, ¶ 6, 592 N.W.2d 596, 597–98. "[B]ecause the issue of the validity of service of process is a question of law, 'we review the trial court's decision de novo, with no deference given to the trial court's legal conclusions.' " *Lekanidis v. Bendetti,* 2000 SD 86, ¶ 15, 613 N.W.2d 542, 545.

[¶ 8.] During the three years the statute of limitations was running in this case, Schultz lived in Codington County, Yankton County and finally, Lake County in this state. The record indicates that Schultz lived in Lake County for over a year prior to being served by that county's sheriff with Edsill's summons and complaint. Edsill had the Codington County address that Schultz provided at the scene of the accident. She hired a private investigator prior to attempting service who confirmed that Schultz lived in Codington

County. After Schultz could not be located for service by the sheriff of that county within the limitations period, another private investigator was hired to locate Schultz. Schultz was served by the Lake County sheriff in that county within the 60–day period provided by SDCL 15-2-31. However, this extension is only activated if Edsill timely delivered her summons and complaint to the sheriff with statutory authority to serve process.

[¶ 9.] First, Edsill's reliance on *Wagner* is misplaced. That case addressed personal service and held that "substantial compliance" under the personal service statute, and under the facts of that case, was sufficient. This case involves substituted service by a sheriff, not personal service. In *Lekanidis,* 2000 SD 86 at ¶ 22, 613 N.W.2d at 546, we refused to extend the doctrine of substantial compliance in *Wagner* to a substituted service case. Therein, we quoted the Eighth Circuit Court of Appeals' discussion of the *Wagner* holding, explaining why it declined to extend *Wagner* to a substituted service of process case:

'Moreover, there are several compelling reasons to limit the application of the substantial compliance standard to personal service of process. In cases of personal service of process, a court can be reasonably certain that the defendant had notice of the impending suit because the defendant was present for the service. Substituted service of process, in contrast, carries the risk that the defendant never received notice. Allowing only substantial compliance with the requirements for substituted service of process further increases the risk involving an unsuspecting defendant in a lawsuit about which the defendant did not have notice. Arguably, *only strict compliance with the requirements of substituted service of process will sufficiently reduce this risk.'*

*Id.* at ¶ 23 (emphasis in original) (quoting *Marshall v. Warwick,* 155 F.3d 1027, 1031 (8thCir.1998)). *See also Spade v. Branum,* 2002 SD 43, ¶ 9, 643 N.W.2d 765, 768 (discussing *Wagner* and noting substituted service must be made in strict compliance with the statute).

[¶ 10.] Moreover, *Wagner* did not address a statute of limitations question but was concerned with a notice requirement. We recognized the purpose of the statute examined therein, SDCL 15-6-4(d)(10), as being one of notice to the mentally incompetent defendant. *Wagner,* 1998 SD 9 at ¶ 9, 574 N.W.2d at 629. In *Peterson v. Hohm,* 2000 SD 27, 607 N.W.2d 8, we refused to extend *Wagner's* doctrine of substantial compliance to toll a statute of limitations when the action was filed in a federal court lacking diversity jurisdiction and was not pending in a court with competent jurisdiction. Edsill has failed to provide persuasive authority to extend the holding in *Wagner* to the statute of limitations issue in this appeal.*

[¶ 11.] In *Samuelson v. Jorgenson,* 1999 SD 13, 588 N.W.2d 598, we addressed substituted service by a sheriff under

---

* Apart from the authority cited and discussed herein, Edsill cites two cases, from Wisconsin and Iowa, involving nonresident motorists in which delivery of the summons and complaint was timely made under statutes providing for delivery of same on the state's motor vehicle commissioner. She also cites an Iowa case of substituted service under a statute allowing delivery of summons and complaint to the sheriff of the county in which the action was commenced. The court held the action was timely commenced as this sheriff is required to serve process on all defendants who reside in other counties. None of these cases is applicable here as in every case, the person with statutory authority to receive delivery of the summons and complaint received it in a timely manner under the applicable statutes of limitation. The sheriff of Codington County was not similarly situated.

SDCL 15–2–31 where the summons and complaint was delivered to a Minnehaha County sheriff for service on a defendant who was discovered to be living in Lincoln County. The trial court initially granted the defendant's motion to dismiss for failure to timely serve, but reconsidered its decision after *Wagner* was issued by this Court one week later. The trial court reversed itself based on *Wagner*, finding substantial compliance. On appeal, we did not apply the doctrine of substantial compliance, noting the trial court reached the right result, albeit based on the wrong reason. *Id.* at ¶ 12, 588 N.W.2d at 600. We noted:

> We need not determine whether the rule of substantial compliance recently articulated in *Wagner* applies, because this is a case of strict rather than substantial compliance with a statute.

*Id.* at ¶ 10, 588 N.W.2d at 599.

[¶ 12.] The issue in *Samuelson* was whether the sheriff of Minnehaha County was also an officer of Lincoln County for purposes of serving process, a question we answered in the affirmative, holding that "sheriffs of counties containing municipalities that extend into more than one county are officers of each concerned county for purposes of serving process under SDCL 15–2–31." *Id.* at ¶ 11, 588 N.W.2d at 600. Samuelson was found to have strictly complied with the statute by delivering her summons and complaint, on the last day of the statute of limitations, to a sheriff who had statutory authority to serve process in both Minnehaha and Lincoln counties. This activated the 60–day extension provided by SDCL 15–2–31.

[¶ 13.] Unlike Samuelson, Edsill did not deliver her summons and complaint to a sheriff with proper statutory authority to serve process. The requirement that the delivery be made to a sheriff in the county in which the defendant usually or last resided was not met.

When construing a statute, the court determines the intent of the Legislature from the words of the statute, giving them their plain meaning.

The general purpose of statutes of limitations is to limit, not extend, claimant's rights. This Court has often stated, 'the purpose of a statute of limitations is speedy and fair adjudication of the respective rights of the parties.'

*Peterson ex rel. Peterson v. Burns*, 2001 SD 126, ¶¶ 20–21, 635 N.W.2d 556, 564. The phrase "usually or last resided" in SDCL 15–2–31 is unambiguous, requiring no interpretation by this Court. The Legislature did not use the words "at the place where the defendant lived when the injury occurred," nor did it provide for sheriff service in the county "where the plaintiff last knew defendant to live," as Edsill urges us to hold. It provided for substituted service by a sheriff where the defendant usually or last resided.

[¶ 14.] Although several jurisdictions have statutes with similar or identical language, there is scant case law interpreting the phrase "usually or last resided." In 1861, the Indiana Supreme Court defined "usual or last place of residence" to mean the residence into which a person, still a resident of that state, had moved within the state last before the service of process. *Sturgis v. Fay*, 16 Ind. 429, 1861 WL 2751 (Ind 1861). *See* Allen E. Korpela, *Construction of Phrase "Usual Place of Abode," or Similar Terms Referring to Abode, Residence, or Domicil, as Used in Statutes Relating to Service of Process*, 32 ALR3d 112, § 35 (1970 & Supp 2000). The Supreme Court of Oregon, examining identical statutory language, held that the phrase "last resided" applies to a county of *former* residence only when the defendant no longer resides in that state:

> We think that if the defendant resides in Oregon the summons must be delivered

for service within the time limited by statute to the sheriff of the county in which defendant resides. It is only when the defendant no longer resides in Oregon that the summons may be delivered to the sheriff of the county in which the defendant 'last resided.'

*Larson v. Allen,* 236 Or. 228, 388 P.2d 115, 117 (1963), *overruled on other grounds by Tischhauser v. Trottman,* 271 Or. 267, 531 P.2d 905 (1975)(construing another part of the substituted service statute, plaintiffs with actual knowledge that defendant left the state could not use substituted service by sheriff where statute also requires they deliver summons to sheriff with the intent that defendant be served). The North Dakota Supreme Court, in a case involving a corporate defendant, held that delivery of the summons and complaint to the sheriff of the county in which the defendant had ceased to maintain an office was ineffectual under a statute allowing substituted service by a sheriff of the county in which the defendant kept an office. *Sylling v. Agsco Distributors, Inc.,* 171 N.W.2d 825, 828 (N.D.1969). The *Sylling* court reasoned the phrase "kept an office" referred to the time the summons was delivered to the sheriff and not to a time before delivery. *Id.*

▮ [¶ 15.] The plain language must prevail under the rules of statutory construction. *Moss v. Guttormson,* 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17; *U.S. West Communications, Inc. v. Public Util. Comm'n,* 505 N.W.2d 115, 122–23 (S.D. 1993). The place Schultz last resided can only mean Lake County and not any of the counties within this state in which she resided prior to her move to Lake County, over a year before being served with the lawsuit underlying this appeal.

[¶ 16.] We affirm.

[¶ 17.] AMUNDSON, and KONENKAMP, Justices, concur.

[¶ 18.] GILBERTSON, Chief Justice, concurs in result.

[¶ 19.] SABERS, Justice, disqualified.

[¶ 20.] ZINTER, Justice, not having been a member of the Court at the time this action was submitted to the Court did not participate.

GILBERTSON, Chief Justice (concurring in result).

[¶ 21.] Edsill attempts to argue "substantial compliance" under the personal service statute. "An advocacy of the doctrine of substantial compliance finds absolutely no support in our statutes concerning service of process." *Wagner,* 1998 SD 9 at ¶ 17, 574 N.W.2d at 630 (Gilbertson, J., dissenting). As such, it is not even a valid argument by Edsill to avoid the result arrived at by this Court herein. Therefore, I concur in result only.