1999 SD 111

Brian SMITH, Amy Smith, James W. Frankman, Debra Deknikker, Kevin J. Meuret, Bethany Meuret, and Twin Creek Development, LLC, Appellees,

v.

CANTON SCHOOL DISTRICT # 41–1, Appellant.

No. 20573.

Supreme Court of South Dakota.

Argued Feb. 24, 1999.

Reassigned June 21, 1999.

Decided Aug. 18, 1999.

Rehearing Denied Sept. 23, 1999.

A.J. Swanson, Sioux Falls, South Dakota, for appellees.

Larry A. Nelson and J. Montgomery Harris of Frieberg, Rudolph & Nelson, Canton, South Dakota, for appellant.

SABERS, Justice (on reassignment)

[¶ 1.] Brian and Amy Smith, James Frankman, Debra DeKnikker, Kevin and Bethany Meuret, and Twin Creek Development, LLC (collectively, Petitioners) appealed the denial of their petition for a minor boundary change by the Canton School Board (Board) to the circuit court. The circuit court reversed the Board's decision. Canton School District appeals. We affirm the circuit court.

## FACTS

[¶ 2.] Twin Creek Development (Twin Creek) comprises approximately 72 acres of land platted into 33 lots in section 21, Springdale Township, Lincoln County, South Dakota. The entire development is part of an approximately 200–acre pocket of land assigned to the Canton School District. The development, as geographically situated, is an "island," completely surrounded by the Harrisburg School District (see attached map). Twin Creek lies five miles north, northeast of Harrisburg and

thirteen miles north, northwest of Canton and seven or eight miles south, southeast of Sioux Falls. Until 1997, Twin Creek was unoccupied land.

[¶3.] In 1997, the Petitioner families moved from Sioux Falls into newly constructed homes in Twin Creek. Included in these families are seven children, five of whom are school age and who have attended Harrisburg schools under a tuition waiver program since their move. This program allows the children to attend Harrisburg schools without Canton School District's having to pay tuition on their behalf.

[¶4.] Sioux Falls, the largest city in South Dakota, is the economic center of this area of the state. The families continue to drive the seven or eight miles to Sioux Falls for shopping, medical services, and to attend religious and social activities. Some petitioners are employed in Sioux Falls, however two of the petitioners work in the Harrisburg area. All of the petitioners' children's school activities are in Harrisburg. Petitioners pay their property taxes and obtain vehicle licenses in Canton, the county seat of Lincoln County.

[¶5.] On August 28, 1997, Petitioners petitioned the Canton and Harrisburg school districts for a minor boundary change pursuant to SDCL 13–6–85.[1] The petition was signed by 100% of the voters residing in Twin Creek. The property comprises .0035% of the assessed value of the Canton School District and its boundaries are coterminous with the Harrisburg School District.

[¶6.] Harrisburg School District approved the petition on September 27, 1997. On October 23, 1997, following a hearing held ten days earlier, the Canton School Board denied the petition. Petitioners appealed the Board's decision to the circuit court which reversed, determining that the Board's decision was arbitrary, capricious and an abuse of discretion. Canton School District appeals.

## ANALYSIS AND DECISION

[¶7.] This Court does not determine the propriety of the Canton School Board's decision. *Strain v. Rapid City Sch. Bd.*, 447 N.W.2d 332, 338 (S.D.1989). Our scope of review is limited to determining the legality of the Board's decision. *Colman–Egan Sch. Dist. No. 50–5 v. Jones*, 520 N.W.2d 890, 892 (S.D.1994) (citing *Moran v. Rapid City Area Sch. Dist.*, 281 N.W.2d 595 (S.D.1979)). We are not bound by a presumption that the circuit court decided correctly. *Strain*, 447 N.W.2d at 338.

[¶8.] The circuit court reviewed the Canton School Board's decision for a determination "whether the board possessed the administrative power to make the decision [it did] and whether the board acted unreasonably or arbitrarily, or whether the board manifestly abused its discretion." *Colman–Egan*, 520 N.W.2d at 892. The Board's administrative power is not at issue in this case. The only issue on review is whether the Board's decision was arbitrary, capricious and an abuse of discretion. This is a threshold issue that must be examined before determining whether substantial evidence exists to support the Board's decision. *Id.*

[¶9.] School boards enjoy broad discretion in decisionmaking and need only make sure their decisions are not arbitrary, capricious or unreasonable. *Kellogg v. Hoven Sch. Dist. No. 53–2*, 479 N.W.2d 147, 149 (S.D.1991). A decision is arbi-

---

1. This statute provides in part:

   A boundary change, affecting not more than two percent of the assessed valuation and not more than two percent of the tax-exempt acreage or other tax-exempt property to be determined at the discretion of the school district from which the area is to be taken, may be made upon an application for a boundary change to the school board of the school district from which the area is to be taken and to the school board of the school district to which the area is to be annexed, in the form of a petition signed by over fifty percent of the voters residing in the area to be transferred by the boundary change.

trary and capricious when it is "not governed by any fixed rules or standard." Black's Law Dictionary 104 (6 th ed. 1990).[2] The "fixed rules or standard," previously set forth by this Court, to which the Canton School Board's decision must adhere to avoid a finding of arbitrariness on review includes the following:

1. Whether the petitioners are more closely aligned to the economic, social and religious life of the community into which they are being transferred.

2. Whether there is bus service to the residence.

3. Whether the district line which places their property in the current district was drawn in an arbitrary fashion.

4. Whether petitioner's child has special needs best met in the District petitioners are attempting to join.

5. Whether the petitioners live closer to the school district they are joining as opposed to the district they are leaving.

*Oelrichs School Dist. v. Sides*, 1997 SD 55, ¶ 11, 562 N.W.2d 907, 911; *Colman–Egan*, 520 N.W.2d at 892; *Oldham–Ramona Sch. Dist. v. Ust*, 502 N.W.2d 574, 581 (S.D. 1993). A review of the record indicates these factors were rewritten or ignored by the Canton School Board when it denied the petitioners' request in this case.[3] We examine the factors individually and with regard to the errors made by the Board in its decisionmaking process.

[¶ 10.] 1. Whether the petitioners are more closely aligned to the economic, social and religious life of the community into which they are being transferred.

[¶ 11.] This factor asks for a comparison between the district in which petitioners currently live and the one in which they seek transfer by the minor boundary change. The Board rewrote and therefore

---

**2.** The United States Supreme Court has set forth factors to be considered when reviewing decisions made under the arbitrary and capricious standard: 1) Has the agency relied on factors not intended to be considered; 2) Has the agency entirely failed to consider an important aspect of the problem; 3) Does the agency's offered explanation for its decision run counter to the evidence before it; 4) Is the agency's decision so implausible it could not be ascribed to a difference in view or the product of agency expertise? *Motor Vehicle Manufacturers Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983).

**3.** The following findings were entered by the Canton School Board in its denial of the petition for minor boundary change:

1. The Petitioners' alignment is not to the social, economic and religious life of Harrisburg, South Dakota. The Petitioners' alignment for social, economic and religious life is with Sioux Falls, South Dakota.

2. Canton School District provides adequate bus service to the Petitioners' residences and the land included in their petition.

3. There is no evidence of any special needs issue for a school child of the Petitioners that would be better served by the Harrisburg School District rather than the Canton School District.

4. Distance from Petitioners' residences to Canton is not significant.

5. Approval of the boundary change will have a significant economic impact on the school district.

6. The Petitioners' request is grounded substantially on the personal convenience and personal preference of the Petitioners.

7. Petitioners could have purchased home sites or acquired land upon which to build located within the Harrisburg School District but chose not to.

8. School services, accreditation, and extra-curricular activities available in the Canton School District are equal to or exceed those available in the Harrisburg School District.

9. Any educational and convenience issues raised by Petitioners can be satisfied through the open enrollment law which would permit their children to attend school at Harrisburg at no cost to Petitioners.

10. Primary reason advanced by Petitioners was that the land would be of higher value for development and resale purposes if it was in the Harrisburg School District.

misapplied this factor when it refused to perform this comparison and instead declared the petitioners' alignment with Sioux Falls. The answer, when this question is properly applied to the facts, is that the petitioners are more closely aligned with Harrisburg than with Canton.

[¶ 12.] Petitioners have no alignment with Canton except as the county seat when they pay property taxes and obtain license plates. By contrast, two of the petitioners work at Frankman Motors, located in the Harrisburg School District, and their families receive the economic benefit thereof. Their children attend school in the Harrisburg schools and their related school activities are in Harrisburg. Petitioners live closer to Harrisburg than to Canton. A telephone call to the children's school is a local call from petitioners' residences, in contrast to the long-distance charges to Canton. District's claim that the only alignment petitioners have with Harrisburg is a telephone number is clearly repudiated by the facts on record.

[¶ 13.] Although many of the petitioners work, worship, and socialize in nearby Sioux Falls, the Board's comparison of Sioux Falls and Canton is not proper under this factor. The Board arbitrarily introduced a third community (Sioux Falls) into the query. Geographically, Harrisburg is situated between Canton and Sioux Falls. The Board had to reach further north of and beyond Harrisburg and hence, further afield of its own district to find support for its denial of petitioners' request for a minor boundary change. This is farcical. When properly considered, the facts support alignment with Harrisburg, not Canton.

[¶ 14.] 2. Whether there is bus service to the residence.

[¶ 15.] There is presently bus service from Canton Schools to the petitioners' residences. Also at present, under a tuition waiver program, Harrisburg school district is providing free bus service to the residences. According to Harrisburg school superintendent, this program provides a "stop-gap" between former school law and the new open enrollment law, which became effective July 1, 1998. SDCL 13–28–38 (repealed by SL 1999, ch. 86, § 1); 13–28–40. Under Harrisburg school district's written open enrollment policy, however, no bus service would be provided to out-of-district children. Therefore, this factor favors the change to Harrisburg.

[¶ 16.] 3. Whether the district line which places their property in the current district was drawn in an arbitrary fashion.

[¶ 17.] The Board ignored this question completely. On appeal, the Canton School District urges the Board's failure to consider this factor was due to a lack of evidence shown by petitioners rather than for any substantive reason. However, the attached district map of Lincoln County was an exhibit at the hearing on this petition. It provides sufficient evidence on its face to answer this question in the affirmative.

[¶ 18.] The map shows that petitioners' residences stand on a separate "island" of the Canton School District, cut apart from the whole of the district's boundaries. As such, they are surrounded by the Harrisburg School District yet would remain adrift from that district based, in part, on the Board's ignoring this factor in its decisionmaking. This factor supports granting the petition.

[¶ 19.] 4. Whether petitioner's child has special needs best met in the District petitioners are attempting to join.

[¶ 20.] There are no issues involving children with special needs in this case.

[¶ 21.] 5. Whether the petitioners live closer to the school district they are joining as opposed to the district they are leaving.

[¶ 22.] Again, the answer to this question is a resounding "yes," but because of the

Board's determination to keep petitioners in its district, it rewrote and thereby misapplied this factor. The Board urges that the drive to the Canton schools from petitioners' homes, about 13 miles, is not significant. However, this answer requires a rewriting of the question and ignores the actual question asked.

[¶ 23.] The practical result of the Board's ignoring or misapplying these factors, which support granting petitioners' request, allows Canton to retain local tax benefits of a pocket of land situated between Sioux Falls and Harrisburg with a reduced risk of actually having to educate the children residing therein. Like an absentee landlord, it enjoys the benefit without the corresponding burden. Although economic factors may be considered by a school board deciding a request for a minor boundary change, they must be considered in conjunction with other relevant factors. *Oldham–Ramona,* 502 N.W.2d at 582. The Board's decision would also effectively preclude petitioners casting their votes in school elections in the district into which they will send their children and into which they will have a vested interest. As one petitioner noted, they would be "apathetic voters" in the Canton school elections.

[¶ 24.] If the decision of this Board were affirmed, no school board would ever voluntarily concede to a minor boundary change in South Dakota again. Our affirmance in this case would instruct the state's school boards that they can rewrite the standard under which their decision must be made and deny the petition simply on the basis of selfish financial interest. The result would be that all school boards would be able to hold hostage within their district schoolchildren and their parents who are entitled by law to a minor boundary change. If that were the case, the Legislature may just as well repeal all of the minor boundary change statutes because they would have no effect and be of no use. *See Kellogg,* 479 N.W.2d at 151, n. 5.

[¶ 25.] "The judiciary may not invade the province of the school board's decisionmaking unless such decisionmaking is done contrary to law." *Moran,* 281 N.W.2d at 598. The decisionmaking here, by rewriting and ignoring the substantive factors above, was done contrary to this state's settled law. The circuit court properly determined the Board's decision was arbitrary. The judgment of the circuit court is affirmed.

[¶ 26.] MILLER, Chief Justice, and KONENKAMP, Justice, concur.

[¶ 27.] AMUNDSON and GILBERTSON, Justices, dissent.

AMUNDSON, Justice (dissenting).

[¶ 28.] I dissent from the decision of the non-elected judicial super-board of the Canton School District.

[¶ 29.] It is apparent from a review of the circuit court's decision reversing the Board's decision, the circuit court impermissibly sought out reasons to reverse. It is not the function of the circuit court or this Court to make decisions for a school board and to act as a "super-board." The settled law requires the reviewing court to determine whether the decision of the school board was arbitrary, capricious or an abuse of discretion. *Oelrichs,* 1997 SD 55, ¶ 9, 562 N.W.2d at 911; *Colman–Egan,* 520 N.W.2d at 892; *Oldham–Ramona,* 502 N.W.2d at 580; *Maasjo v. McLaughlin School Dist. No. 15–2,* 489 N.W.2d 618, 620 (S.D.1992); *Moran,* 281 N.W.2d at 599. While the majority opinion looks to outside sources to provide a definition of arbitrary and capricious, it is unnecessary to search any further than South Dakota settled law to receive the definition. This court has previously stated:

In determining whether the school board's decision was arbitrary, capricious or an abuse of discretion, the circuit court must ascertain *"whether there is substantial evidence to support the school board's decision." Moran,*

281 N.W.2d at 599. (emphasis added). Substantial evidence means such relevant and competent evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* We must determine whether Board was clearly erroneous by examining the evidence supporting its decision.

*Colman–Egan,* 520 N.W.2d at 892 (quoting *Oldham–Ramona,* 502 N.W.2d at 580–81 (quoting *Maasjo,* 489 N.W.2d at 620–21 (citations omitted))). When substantial evidence exists, we are bound to uphold the school board's decision. *Oelrichs,* 1997 SD 55, ¶ 10, 562 N.W.2d at 911; *Oldham–Ramona,* 502 N.W.2d at 580–81.

[¶ 30.] 1. Whether the Petitioners are more closely aligned to the economic, social and religious life of the community into which they are being transferred.

[¶ 31.] The majority claims the school board mistakenly compared Sioux Falls with Canton. However, this conclusion misconstrues the school board's finding. The school board merely looked at Petitioners' contacts and concluded that Petitioners' social, economic and religious alignment is with Sioux Falls, rather than Harrisburg. A review of the record supports this conclusion. The affidavits of Petitioners and their families recite that Petitioners are employed in either Sioux Falls or a vehicle dealership just south of Sioux Falls. Petitioners' health care, social and extra-curricular activities are all centered in Sioux Falls. The affidavits of the Petitioners indicate that their center of life is Sioux Falls. Very little is said about any connection with Harrisburg other than it is closer to Sioux Falls and Twin Creek and, consequently, more convenient. Petitioners were not, as they claimed, aligned with Harrisburg, but instead with Sioux Falls. Thus, the Board's finding is substantially supported by the evidence, and by definition cannot be arbitrary.

[¶ 32.] 2. Whether there is bus service to the residence?

[¶ 33.] There is no dispute Canton School District provides bus service to the Twin Creek area. Since Canton provides bus service, no mileage hardship would be suffered by Petitioners. *Colman–Egan,* 520 N.W.2d at 893; *Oldham–Ramona,* 502 N.W.2d at 584. Therefore, this factor favors Canton.

[¶ 34.] 3. Whether the district line which places their property in the current district was drawn in an arbitrary fashion?

[¶ 35.] There was no finding regarding this factor in the Canton School Board's resolution. However, the circuit court found that because the two hundred acres are entirely surrounded by Harrisburg School District, creating an "island" of land associated with Canton School District, the only rational conclusion would be that an arbitrary boundary was drawn in the past. This conclusion is without support in the record.

[¶ 36.] Factor number three states, "whether the district line ... *was* drawn in an arbitrary fashion." *Oelrichs,* 1997 SD 55, ¶ 11, 562 N.W.2d at 911; *Colman–Egan,* 520 N.W.2d at 892; *Oldham–Ramona,* 502 N.W.2d at 581 (emphasis added). Therefore, we must consider the lines as they were originally drawn, not with the benefit of hindsight.

[¶ 37.] No evidence was presented by Petitioners suggesting how lines were drawn or which district was responsible for drawing the lines. Certainly, it is feasible that at the time the lines were drawn it was pursuant to agreement and the result of a rational decision. *See Oelrichs,* 1997 SD 55, ¶ 22, 562 N.W.2d at 912. Based on this record, there is simply no evidence presented by Petitioners establishing when line was drawn, who was responsible for drawing the line, and whether or not the line was the result of consolidation. *Id.*

[¶ 38.] Furthermore, an "island" condition is not per se arbitrary. If one consults a map of the area, there are many such "islands" carved out by the different school districts. Therefore, we should not establish a rule of law that an "island" by its subsequent creation is an arbitrarily drawn line. Petitioners have failed to show the lines drawn were arbitrary when originally established.

[¶ 39.] 4. Whether Petitioners' children have special needs best met in the District Petitioners are attempting to join?

[¶ 40.] This was not an issue at the hearing.

[¶ 41.] 5. Whether the Petitioners live closer to the school district they are joining as opposed to the district they are leaving?

[¶ 42.] Although Petitioners live approximately five miles from Harrisburg and thirteen miles from Canton, this Court has previously affirmed a denial of modification determining that a difference of twelve miles does not result in substantially longer bus rides. *Colman–Egan*, 520 N.W.2d at 893 (citing *Oldham–Ramona*, 502 N.W.2d at 584). Therefore, we cannot say the Board's conclusion was arbitrary. Instead, it is supported by settled law.

[¶ 43.] The record discloses Petitioners sought to have the same area of land redistricted in 1995 and were unsuccessful. Thereafter, they purchased this land with the knowledge the land was in the Canton School District, gambling on the chance the boundary lines would be changed. As stated in *Colman–Egan:*

> [T]his is not a case like many others before this court where school district reorganization has thrust a family into the position of changing schools but a case where the petitioners voluntarily moved into the new school district with the full knowledge that a change in schools would be required unless a mi-

nor boundary change could be secured. In short, Jones *gambled on* the possibility of changing school district boundaries and lost. Thus, it is difficult to place any significant degree of emphasis on the ties Jones might have in Flandreau given their voluntary gamble with those ties.

520 N.W.2d at 893 (emphasis added). Petitioners gambled in the present case and through the decision of the super-board the gamble has paid off, notwithstanding the above precedent.

[¶ 44.] Essentially, the Board found the petition to be substantially grounded on the personal preference of Petitioners. The evidence shows Petitioners desired their children to attend school in Harrisburg because of its proximity to Twin Creek and Sioux Falls. While it may be more convenient, in Petitioners' view, for Petitioners to be within Harrisburg School District, this Court has previously held that personal preference is not a sufficient basis for granting a boundary change petition. *Oelrichs*, 1997 SD 55, ¶ 27, 562 N.W.2d at 913; *Oldham–Ramona*, 502 N.W.2d at 582. Moreover, personal preference issues may be more readily redressed under open enrollment. *See* SDCL 13–28–40 through 13–28–47.

[¶ 45.] I would hold that under the settled law confining this Court's scope of review, there is, "such relevant and competent evidence as a reasonable mind might accept as adequate to support" the Board's disapproval of Petitioners' boundary change petition. *Oelrichs*, 1997 SD 55, ¶ 9, 562 N.W.2d at 911; *Colman–Egan*, 520 N.W.2d at 892; *Oldham–Ramona*, 502 N.W.2d at 581; *Maasjo*, 489 N.W.2d at 620; *Moran*, 281 N.W.2d at 599. For this Court to conclude otherwise, ignores settled law and creates a non-elected judicial super-board, never envisioned by the legislature under the statutory scheme. Therefore, I dissent.

[¶ 46.] I am authorized to state that Justice Gilbertson joins in this dissent.

# LINCOLN COUNTY
## DISTRICT MAP
### South Dakota

- CANTON #41-1
- HARRISBURG #41-2
- HUDSON #41-3
- LENNOX #41-4
- SIOUX FALLS #45-9
- CENTERVILLE #60-1
- ALCESTER #61-1
- BERESFORD #61-2