2004 SD 133

Wayne M. PRUCHNIAK, Beth M. Pruchniak, Terry Vaughan, Laura Vaughan, Nomi Grenko, Richard Grenko, Joseph D. Giesler, Mike Sexton, Rolli Sexton, Denise LeDuc, Wade LeDuc, Kelli Fernando, N. Emile Fernando, Miles McClung, and Mike Birkel, Appellants,

v.

The SCHOOL BOARD OF ELK POINT–JEFFERSON SCHOOL DISTRICT # 61–7, Appellee.

No. 23150.

Supreme Court of South Dakota.

Considered on Briefs Aug. 23, 2004.

Decided Dec. 22, 2004.

A.J. Swanson, Sioux Falls, South Dakota, Attorney for appellants.

Dennis C. McFarland, Sioux Falls, South Dakota, Attorney for appellee.

SABERS, Justice.

[¶ 1.] A group of homeowners (the "Pruchniak group") residing in a rural housing development in Union County, South Dakota, petitioned for a minor boundary change to transfer their property from the Elk Point–Jefferson ("EP–J") School District to the Dakota Valley ("DV") School District. The EP–J School Board combined the Pruchniak group's petition with a similar petition filed by homeowners (the "Anthony group") from the same development, and denied the request. The circuit court denied the Pruchniak group's appeal holding that it was proper for the EP–J School Board to combine the petitions. The Pruchniak group appeals and we affirm.

**Facts**

[¶ 2.] The Pruchniak group represents nine families residing in the Wynstone Development, which is located in the southern portion of the EP–J School District and borders the northern portion of the DV School District. The entrance of the Wynstone Development is approximately 1.5 to 2 miles west, southwest of DV schools, and 16 miles south of EP–J's school at Elk Point. Approximately 7 school age children live in the area covered by the petition, but none of them presently attend EP–J schools. The parents of these families work in communities located to the south of the Wynstone Development, including North Sioux City, Dakota Dunes, Sioux City (Iowa), and Sergeant Bluff (Iowa). No member of the Pruchniak group reports any social, business or fraternal connections with the community of Elk Point or the EP–J School District.

[¶ 3.] The Pruchniak group was part of an earlier minor boundary change petition to transfer their property from the EP–J School District to the DV School District. This petition was earlier denied by both the EP–J School Board and the circuit court; the primary reason being that the valuation of the property covered by the petition exceeded two percent of EP–J's total valuation.* Subsequently, the petitioners divided their efforts and filed separate petitions, each covering smaller portions of land than contained in the original joint petition. The property within the Pruchniak group petition is assessed at $2,270,583, which is less than one percent of EP–J's total assessed valuation. All of the owners of land within the Pruchniak group signed the petition, and DV's school board approved the petition.

[¶ 4.] However, the EP–J School Board re-combined the Pruchniak group's petition with that of the Anthony group, who had filed their own separate petition one week earlier. The EP–J School Board entered a resolution denying the combined petition; the key finding being that the assessed value of the properties contained in the combined petition exceeded two percent of EP–J's total assessed valuation, and therefore did not meet the statutory requirements.

[¶ 5.] The Pruchniak group appealed the school board's decision to the circuit court. The circuit court denied the appeal by finding that it was proper for the EP–J School Board to combine the two petitions.

**Standard of Review**

[¶ 6.] In a minor boundary dispute between homeowners and a school

* Under state law, minor boundary change petitions cannot exceed "more than two percent of the assessed valuation." SDCL 13–6–85.

district, our scope of review is limited to determining the legality of the school board's decision. *Smith v. Canton Sch. Dist. No. 41-1,* 1999 SD 111, ¶ 7, 599 N.W.2d 637, 639 (citing *Colman–Egan Sch. Dist. No. 50-5 v. Jones,* 520 N.W.2d 890, 892 (S.D.1994)). We are not bound by a presumption that the circuit court decided correctly. *Id.* (citing *Strain v. Rapid City Sch. Bd.,* 447 N.W.2d 332, 338 (S.D.1989)). School boards enjoy broad discretion in decisionmaking and need only make sure their decisions are not arbitrary, capricious or unreasonable. *Id.* ¶ 9 (citing *Kellogg v. Hoven Sch. Dist. No. 53-2,* 479 N.W.2d 147, 149 (S.D.1991)). A decision is arbitrary and capricious when it is not governed "by fixed rules, procedures, or law." Black's Law Dictionary 100 (7th ed.1999).

[¶ 7.] **Whether the school board was correct in combining the two minor boundary change petitions and denying them because they affected more than two percent of the school district's total assessed valuation.**

[¶ 8.] The EP–J School Board contends, and the circuit court agreed, that since both petitions were once combined in an earlier petition, the two separate petitions must be considered as one. In my view, the plain meaning of the applicable statutes, SDCL 13–6–84.1 and 13–6–85, neither permits nor compels the combining of the petitions. SDCL 13–6–84.1 mandates that all school district boundary change petitions must contain land that is coterminous with the common boundary of the two school districts, and that children must reside in the petitioned area. SDCL 13–6–85 requires that any proposed minor boundary change must not affect more than two percent of the school district's total assessed valuation, and that all the owners of land contained in the petition must sign the petition. These statutory requirements do not preclude the Pruchniak group's petition, in and of itself.

[¶ 9.] However, the majority of the members of this Court are satisfied that it was proper to join the two petitions on the basis that:

The Pruchniak group's current separate petition was filed to circumvent the Legislature's jurisdictional, two percent valuation limitation for "minor" school boundary changes. This is clearly demonstrated by the trial court's findings that (1) the Pruchniak's and Anthony's prior joint petition "align[ed] a single street" and "for all intents and purposes [it is] one piece of property" in a new residential development; and, (2) the EP–J School Board has previously rejected the prior joint petition affecting the identical property descriptions because it exceeded the two percent valuation limitation. Because these findings have not been alleged to be clearly erroneous, because a different boundary change procedure is required when the two percent valuation limitation is exceeded, and because this new separate petition was filed to circumvent the two percent valuation restriction, we affirm.

[¶ 10.] We affirm the circuit court's denial of the appeal because the Pruchniak and Anthony groups' petitions, when combined, exceeded the two percent valuation limit.

[¶ 11.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.